Pennsylvania Social Services Union, Appellant, *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee.

Argued December 4, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Stephen A. Sheller,* with him *Michael F. Kraemer* and *Astor & Weiss,* for appellant.

*Francis A. Zulli,* Assistant Attorney General, with him *James F. Wildeman,* Assistant Attorney General, and *James L. Crawford,* Assistant Attorney General, for appellee.

OPINION BY JUDGE BLATT, January 16, 1974:

The Pennsylvania Social Services Union (Union) has appealed to this Court from an order of the Penn-

sylvania Labor Relations Board (Board) which refused to approve a proposed bargaining unit among employees of the Cambria County Child Welfare Services. The order also refused an election to certify the Union as the exclusive collective bargaining representative if so designated by a majority of the employees in the proposed unit. The basis for the Board's denial was that petitions for representation had previously been filed by another union and that, although the unit proposed by this Union was embraced within the units covered in these other petitions, the Union had made no attempt to intervene in these proceedings.

The Board has filed a motion to quash on the basis that jurisdiction over this appeal does not rest with this Court. We must agree.

Section 1502 of the Public Employe Relations Act, Act of July 23, 1970, P. L. 563, as amended, 43 P.S. §1101.1502, provides in part: "Any person aggrieved by a final order of the board granting or denying, in whole or in part, the relief sought in any unfair practice case, or by an order certifying or refusing to certify a collective bargaining agent of employes in any representation case, may obtain a review of such order in the court of common pleas of any county where the unfair practice in question was alleged to have been engaged in, or wherein such person or employer in a representation case resides or transacts business, or in the instance of Commonwealth employes in the Commonwealth Court, as the case may be, by filing in such court, within thirty days after the final order has been issued by the board, a written petition praying that the order of the board be modified or set aside." Pursuant to this section, only final orders of the Board which involve Commonwealth employees are appealable directly to this Court. *Pottsgrove School District v. Pennsylvania Labor Relations Board,* 451 Pa. 404, 304 A. 2d 491 (1973). Appeals involving all other public

employees must be taken to the court of common pleas in the appropriate county.

In its petition to the Board, and throughout the record made before the Board, the Union listed the employer in question as the Cambria County Board of Commissioners, thus treating the members of the proposed unit as county, not as Commonwealth, employees. Now before this Court the Union has attempted to assert that the Commonwealth is in fact a joint employer of the employees in question, and has filed a petition requesting that this Court either hold an evidentiary hearing or remand the matter to the Board for the purpose of holding such a hearing. It is argued that such a hearing would permit the introduction of evidence to establish the Commonwealth as a joint employer and thus vest appellate jurisdiction in this Court.

We must deny this petition. We see no necessity for any such hearing, and, in fact, we can find no apparent authority for this Court to conduct an evidentiary hearing on this matter. It concerns matters which the Union could have raised below and that in any case would not appear to be vital to any final decision on the merits of the Union's appeal.

Because the record before us indicates that the employer here involved is Cambria County and not the Commonwealth, we must hold that jurisdiction over this appeal lies not in this Court but in the Court of Common Pleas of Cambria County. Rather than quash the appeal, however, we believe that it should be transferred to the lower court pursuant to Section 503(b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P.S. §211.-503(b). *See Commonwealth v. Southeastern Pennsylvania Transit Authority,* 5 Pa. Commonwealth Ct. 128, 289 A. 2d 784 (1972).

For the above reasons, therefore, we issue the following

388

ORDER

Now, January 16, 1974, the Petition for Evidentiary Hearing is denied and the record herein is hereby transferred to the Court of Common Pleas of Cambria County, where the appeal of the Pennsylvania Social Services Union shall be treated as if originally filed in that court on the date it was erroneously filed in this Court.