401 A.2d 1129

**COMMONWEALTH of Pennsylvania**

v.

**Frank J. WADZINSKI, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 10, 1978.

Decided Oct. 5, 1978.

Silverblatt & Townend, James F. Geddes, Jr., Wilkes-Barre, for appellant.

Patrick J. Toole, Jr., Dist. Atty., Joseph J. Van Jura, Asst. Dist. Atty., Wilkes-Barre, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

The appellant, Frank J. Wadzinski, was in 1973 an unsuccessful candidate for mayor of the City of Nanticoke. After the election, Wadzinski was charged in a criminal complaint with violating section 1614 of the Pennsylvania Election Code[1] in that during the 48 hour period before election day

[1]  Section 1614 provides in pertinent part:

"(a) No candidate for public office, or political committee or party acting on his behalf, shall place any advertisement referring to an opposing candidate for the same office which is to be broadcast or published during the forty-eight hours immediately prior to an election or published in a weekly newspaper or periodical during the eight days immediately prior to an election, with a television or radio broadcasting station, newspaper or periodical, unless he has first given a copy of the material to appear or to be used in the advertisement and reasonable notice to the opposing

appellant made a paid political broadcast referring to his opponent without giving prior notice of the broadcast as required by the Code. He was convicted of this offense and fined $25 by a district magistrate. Pursuant to the Minor Judiciary Court Appeals Act,[2] appellant filed a petition for a writ of certiorari with the Court of Common Pleas of Luzerne County challenging the constitutionality of section 1614 of the Election Code, *supra* note 1, and claiming certain irregularities in the magistrate's proceedings. The court of common pleas dismissed the writ, holding in part that the constitutionality of a statute is not a cognizable issue upon appeal by way of writ of certiorari.[3] The Superior Court

candidate and the County Board of Elections of the county where the advertisement is to be placed in sufficient time for a reply advertisement to be published or broadcast at the same approximate time or in the same issue of the publication or on the same radio or television broadcast as the original advertisement and prior to the election in question." Act of 1937, June 3, P.L. 1333, Art. XVI, § 1614, *as amended,* 25 P.S. § 3234 (Supp.1978–1979).

2. Act of December 2, 1968, P.L. 1137, No. 335, § 1, 42 P.S. § 3001 *et seq.* The relevant provision of this act is Sec. 6 which provides:

"In addition to the right to appeal from minor judiciary courts, the judges of the courts of common pleas, within their respective judicial districts, shall have power to issue writs of certiorari to minor judiciary courts and to cause their proceedings to be brought before them, and right and justice to be done, as heretofore provided by law." 42 P.S. § 3006.

This section has been suspended with respect to criminal cases, effective January 1, 1974, by Pa.R.Crim.P. 159(e) as being inconsistent with Pa.R.Crim.P. 67(f). That rule, promulgated pursuant to the authority in Section 26 of the Schedule to Article V of the Constitution of Pennsylvania provides an exclusive means of appealing from a summary conviction and directs that "[c]ourts of common pleas shall no longer issue writs of certiorari in such cases." The new Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, as amended by Act of April 28, 1978, No. 53, § 1, 42 Pa.C.S. § 101, generally effective June 28, 1978, does not change the practice and procedure established by Rule 67. 42 Pa.C.S. § 5105(d)(4). For the substance of Rule 67, see note 6 *infra.*

3. As an alternative ground of decision, the common pleas court did consider appellant's constitutional arguments and found them to be without merit. The Superior Court did not reach the correctness of this ruling; its decision was limited to an affirmance of the holding that the court of common pleas was without power to consider a substantive constitutional issue on writ of certiorari.

affirmed,[4] and we allowed an appeal to this Court.

The narrow issue for decision concerns the proper scope of review by a court of common pleas upon appeal to it by a writ of certiorari from a minor court. Although the provision under which appellant petitioned the lower court has now been suspended, see note 2 supra, and this problem is unlikely to recur, it nevertheless must be answered in this case, for appellant asserts that his constitutional rights have been violated. We hold that the common pleas court did have the power to entertain the merits of appellant's claim upon a grant of certiorari.[5]

As both courts below concluded, the proper procedure at the time appellant filed his petition with the court of common pleas in 1973 was to file an appeal under section 3 of the Minor Judiciary Appeals Act, supra note 2, 42 P.S. § 3003, which provided for a general appeal and a hearing de novo by a court of common pleas.[6] Instead, appellant filed a

4. *Commonwealth v. Wadzinski*, 239 Pa.Super. 76, 361 A.2d 790 (1976). Judge (now President Judge) Jacobs and Judge Spaeth filed separate dissenting opinions and Judge Hoffman noted a dissent.

5. Because of our disposition of the case we do not reach appellant's claims relating to irregularities at the magisterial level; the Superior Court found them to be without merit.

6. 42 P.S. § 3003 provided in relevant part:
    "Summary proceedings
    (a) In all cases of summary proceedings, the defendant, upon conviction by an issuing authority, may appeal to the court of common pleas of the judicial district in which the minor judiciary court is held.
    *    *    *    *    *    *
    (c) The appeal from a summary conviction shall be taken within ten days of said conviction by filing with the officer of the common pleas court designated by rule of said court to receive such papers, a notice of appeal and by depositing bail with said officer in the amount of twenty-five dollars ($25), if the fine and costs were paid upon conviction.
    *    *    *    *    *    *
    (f) Upon the filing of the transcript and other papers of the proceeding by the issuing authority, the case shall be heard de novo by the appropriate division of the court of common pleas as the president judge shall direct." Dec. 2, 1968, P.L. 1137, No. 355, § 3, effective Jan. 1, 1969.

petition for a writ of certiorari under section 6 of that Act, 42 P.S. § 3006. The question is whether, having followed the wrong procedure, appellant's case is fatally flawed.

Historically, the writ of certiorari was merely a remedy to bring before a court of record asserted procedural defects in the proceedings before a justice of the peace or magistrate; the writ afforded but a limited scope of review, not embracing substantive errors. See *Commonwealth v. Detsch,* 74 Pa.D. & C.2d 555 (Warren County, 1975). Thus certiorari jurisdiction of the courts of common pleas, as those courts existed prior to the adoption of a new judiciary article, Article V, of the Constitution of Pennsylvania in 1968, see note 9 *infra,* extended no further than the power to review the regularity of the proceedings before a magistrate or justice of the peace. An appeal on the merits from a summary conviction before a minor court could be taken only to the court of quarter sessions where the case would be heard *de novo,* but conversely, that court was without power to review any matter within the scope of a writ of certiorari, i. e., the technical regularity of the proceedings below. *Commonwealth v. Meckes,* 144 Pa.Super. 381, 19 A.2d 555 (1941); *Commonwealth v. Scott-Powell Dairies,* 128 Pa.Super. 598, 194 A. 684 (1937); *Commonwealth v. Hunter,* 107 Pa.Super. 513, 164 A. 113 (1933).[7] The practice was succinct-

This section, like section 3006, *supra* note 2, is suspended by Pa.R.Crim.P., Rule 159 as being inconsistent with Rule 67. Rule 67, effective January 1, 1974, provides in a similar fashion for a general appeal, including a hearing *de novo* in the court of common pleas. This rule is today in effect. *See* note 2 *supra.*

7. The Superior Court in *Commonwealth v. Hunter, supra,* explained this rule and its authority as follows:

"If after the magistrate decided the case, a certiorari had been issued, the regularity of the proceedings would have been before the court. Every part of the record, including the complaint, would have been sent up, Sadler Criminal Law Procedure, p. 569, Constitution of Pennsylvania, Article 5, Sec. 10, and the judgment might have been set aside, but 'the defendant having proceeded by appeal must be presumed to have waived all mere technical errors in the proceedings of the justice, which did not go to the jurisdiction of that officer': *Steward v. Renner,* 87 Pa.Super. 411; *Swain v. Brady,* 19 Pa.Super. 459; *Gibson v. Haworth,* 47 Pa.Super. 618;

ly described by the Superior Court in *Commonwealth v. Benson,* 94 Pa.Super. 10 (1928),[8] as follows:

"The practice relating to (1) appeals from summary convictions, and (2) their review on certiorari is well settled. If it is desired to attack only the regularity of the proceedings before the justice or alderman, this is done by a writ of certiorari to the Court of Common Pleas, and the assignment of the alleged errors relied on; in which event the judgment of the inferior magistrate is sustained or set aside, depending on whether the proceedings objected to are found to be legal and regular or not, and whether they sustain the conviction or not. But if an appeal is asked for, this is directed to the Court of Quarter Sessions and, if allowed, the case is heard de novo before a judge of that court." 94 Pa.Super. at 13–14.

The practice above described developed under the judicial framework as it existed in this Commonwealth prior to the adoption of the present judiciary article, Article V, of the Pennsylvania Constitution in 1968. Since January 1,

*Com. v. Hooper,* 55 Pa.Super. 518, 520." 107 Pa.Super. at 515, 164 A. at 113.

8. In *Benson,* unlike the case at bar, the defendant had taken a general appeal from a summary conviction and had *not* sought review on certiorari. Although the defendant did not attack the constitutionality of the statute under which he had been convicted, the Superior Court indicated its awareness that the constitutional question could have been raised:

"The constitutionality of the Act of 1794 was not considered at the hearing before the County Court, and is not raised on this appeal. The rule that in reviewing the judgment of a magistrate on certiorari the court is restricted to the exceptions filed, does not apply to an appeal. The function of the petition for appeal is over when the appeal is allowed." 94 Pa.Super. at 18.

Accord, *Commonwealth v. Reitz,* 156 Pa.Super. 122, 39 A.2d 522 (1944); *Commonwealth v. McComb,* 39 Pa.Super. 411 (1909), *aff'd,* 227 Pa. 377, 76 A. 100 (1910). Compare *Chester v. Elam,* 408 Pa. 350, 184 A.2d 257 (1962), in which this Court found a city ordinance unconstitutional on review of a common pleas court decision dismissing a writ of certiorari to a magistrate. *Elam* is distinguishable because the statute there in question was found to violate the due process clauses of both federal and state constitutions; the adequacy of the procedural due process afforded by a justice of the peace or magistrate is a matter of the sort reviewable on certiorari.

1969 there has been only one court of original jurisdiction which is a court of record, viz., the court of common pleas as it was reconstituted by the new Article V.[9] There is no longer a court of quarter sessions. Thus whether a party aggrieved by a minor court's summary conviction wishes to proceed either by petitioning for certiorari or by taking a general appeal, he seeks his remedy in the court of common pleas; jurisdictional restraints upon the former common pleas court under the old system no longer exist. The court of common pleas, as reconstituted, possesses the jurisdictions of the former courts of common pleas, courts of quarter sessions, courts of oyer and terminer, orphans' courts, and juvenile courts. One of the purposes of the unified court is, of course, to simplify procedure and remove archaisms from the judicial system. A case may not be dismissed because brought in the wrong court; if the matter is justiciable, there is jurisdiction in the court of common pleas to hear it, and in a multi-division court the remedy for bringing the

9. Section 5 of Article V of the Pennsylvania Constitution provides:
  "Sec. 5.  Courts of common pleas
    There shall be *one* court of common pleas for each judicial district
    (a) having such divisions and consisting of such number of judges as shall be provided by law, one of whom shall be the president judge; and
    (b) having unlimited original jurisdiction in all cases except as may otherwise be provided by law." (Emphasis added.)
  Section 4 of the Schedule to Article V of the Constitution provides:
  "Sec. 4.  The Courts of Common Pleas
    Until otherwise provided by law, the several courts of common pleas shall exercise the jurisdiction now vested in the present courts of common pleas. The courts of oyer and terminer and general jail delivery, quarter sessions of the peace, and orphans' courts are abolished and the several courts of common pleas shall also exercise the jurisdiction of these courts. Orphans' courts in judicial districts having separate orphans' courts shall become orphans' court divisions of the courts of common pleas and the court of common pleas in those judicial districts shall exercise the jurisdiction presently exercised by the separate orphans' courts through their respective orphans' court division."
  This section of the schedule has since been superseded in part by implementing statutes not here relevant.

case in the wrong division is not a dismissal, but a transfer of the matter to the correct division.[10]

In short, in light of the changes in the court structure and the practice and procedure in Pennsylvania in recent years, a procedural mistake such as appellant made here should no longer prove fatal. There is today no justifiable reason to send appellant from pillar to post without a hearing on his basic claim of unconstitutionality of the statute under which he was prosecuted.

The common pleas court below, while recognizing the procedural flaw in the defendant's appeal, nevertheless, as an alternative ground of decision, entertained Wadzinski's constitutional claims as if on general appeal. Apparently believing that this consideration of appellant's substantive claim was *ultra vires* the court of common pleas, the Superior Court did not address the issue. We must, therefore, remand this case to the Superior Court for decision on the constitutional question.

10. Provision for such transfers has now been codified in the Judicial Code, *supra* note 2. Section 952 of the Judicial Code stipulates that "[i]n a court of common pleas having two or more divisions each division of the court is vested with the full jurisdiction of the whole court." Section 5103(c) directs:

"(c) Interdivisional transfers.—If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district."

Similarly, the Code provides that appeals filed by mistake in the wrong court shall not be dismissed, but transferred to the proper court. Specifically, Section 5103(a) reads:

"§ 5103. Transfer of erroneously filed matters.

(a) General rule.—If an appeal or other matter is taken to or brought in a court or magisterial district which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper court or magisterial district of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee court or magisterial district on the date first filed in a court or magisterial district."

256

Order of the Superior Court is vacated and the case remanded to that court for further proceedings consistent with this opinion.