441 A.2d 1215

**COMMONWEALTH of Pennsylvania**

v.

**Michael JONES a/k/a I–Abdul Jon, Appellant.**

Supreme Court of Pennsylvania.

Submitted Jan. 18, 1982.

Decided March 10, 1982.

Michael Jones, I.P.P., for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., David L. DaCosta, Asst. Dist. Atty., Philadelphia, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

OPINION OF THE COURT

O'BRIEN, Chief Justice.

Appellant, a MOVE sympathizer, was charged with indirect criminal contempt and obstructing the administration of the law for violating a restraining order of the Court of Common Pleas of Philadelphia County.[1] On April 6, 1978, appellant appeared before a municipal court judge for a combined trial on the indirect criminal contempt charge and a preliminary hearing on the obstruction charge.[2] Appellant waived a trial by jury and was adjudged guilty of indirect criminal contempt. The other charge was dismissed. Appellant thereafter filed this appeal seeking appellate review of his summary conviction of contempt.

After reviewing the record in this case, we are compelled to hold that jurisdiction over this appeal does not lie with this Court. Pa.R.Crim.P. 67 provides:

"(a) After conviction by an issuing authority in any summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, a defendant may appeal to the court of common pleas of the judicial district in which the conviction occurred."

Section (g) of the above rule clearly pronounces that this rule shall provide the exclusive means of appealing from a summary conviction. See 42 Pa.C.S.A. § 722. *Commonwealth v. Hampton*, 474 Pa. 386, 378 A.2d 847 (1977). From the record, it appears that appellant filed his notice of

1. Appellant was charged with obstructing the administration of justice, 18 Pa.C.S.A. § 5101, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, and criminal contempt, 17 P.S. § 2047, Act of June 23, 1931, P.L. 925, § 1. He was convicted of indirect criminal contempt and sentenced to fifteen days imprisonment under 17 P.S. § 2048, Act of June 23, 1931, P.L. 925, § 2.

2. After a diligent search by the district attorney and the Supreme Court Prothonotary's Office, it is apparent that no record was made of this proceeding.

appeal directly to this Court, nineteen days after his hearing in municipal court. There is no indication that an interim appeal was taken to the court vested with jurisdiction in this case, that is, the Court of Common Pleas of Philadelphia.

Therefore, we hereby transfer this matter to the Court of Common Pleas of Philadelphia so that this appeal will be heard and resolved according to the statutes of this Commonwealth. 42 Pa.C.S.A. § 5103.