570 A.2d 93

**Harvey LUCIDORE and Charles Lucidore, Appellants,**

v.

**Gloria NOVAK, individually and Executrix of the Estate of Elia P. Skinner, deceased and Shirley Novak.**

Superior Court of Pennsylvania.

Argued December 6, 1989.

Filed Feb. 12, 1990.

William M. Panella, Dist. Atty., New Castle, for appellants.

Alvin E. Dillman, Jr., Pittsburgh, for Gloria Novak, appellee.

John J. Dean, Pittsburgh, for Shirley Novak, appellee.

Before DEL SOLE, KELLY and HESTER, JJ.

HESTER, Judge:

This appeal presents the issue of whether one division of the court of common pleas is required to transfer a case filed incorrectly in that division to the correct division of the court. We conclude that it is and accordingly, reverse.

On November 17, 1987, Harvey and Charles Lucidore, appellants, instituted this equity action in the civil division of the Court of Common Pleas of Lawrence County against Shirley Novak and Gloria Novak, appellees. Gloria is joined both individually and in her capacity as executrix of the estate of Elia P. Skinner.

In their pleading, which is titled "complaint in equity," appellants alleged the following. They are nephews of Elia P. Skinner, deceased. A document dated May 29, 1987, was admitted to probate by the Register of Wills of Lawrence County on July 10, 1987, as the last will and testament of the decedent. Pursuant to probate of the document, letters testamentary were issued to Gloria Novak. The complaint alleges that at the time of the execution of the will, decedent lacked testamentary capacity and both Gloria Novak and Shirley Novak, an attorney, exercised undue influence over and were in confidential relationships with the decedent. It is further alleged that the will was obtained as a result of the undue influence and confidential relationships. Under the prior last will and testament of the decedent, which appellees later admitted had been executed in 1981, appellants received a higher proportion of the decedent's assets.

Appellants requested the equity court to enjoin appellees from disposing of the assets of the decedent and to declare the last will and testament dated May 29, 1987, invalid.

On December 21, 1987, appellees filed preliminary objections to the complaint. They averred, among other things, that the civil division of the Court of Common Pleas of Lawrence County lacked jurisdiction to hear the matter because the exclusive jurisdiction for an attack on a register's decree of probate is by appeal to the orphans' court division pursuant to 20 Pa.C.S. § 711. They also averred that pursuant to 20 Pa.C.S. § 908, parties aggrieved by a decree of the register are required to post bond when appealing.[1]

In response to the preliminary objections, appellants requested that the matter be transferred from the civil division to the orphans' court division pursuant to 42 Pa. C.S. § 5103, which in relevant part provides as follows:

---

1. Appellees mischaracterize section 908 of the the Probate, Estates, and Fiduciaries Code in that under section 908(b), bond is required on appeal from a register's decree only where bond is requested by petition to the orphans' court.

### § 5103.  Transfer of erroneously filed matters

(a) General rule.—*If an appeal or other matter is taken to or brought in a court* or magisterial district of this Commonwealth *which does not have jurisdiction* of the appeal or other matter, *the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal* of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. . . .

. . . .

(c) Interdivisional transfers.—*If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court,* where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.

(Emphasis added).

The equity court refused to transfer the matter under this section on the ground that it lacked jurisdiction to do so. Instead, it dismissed the complaint.

Initially, we note that there is no doubt that appellants incorrectly captioned the nature of their action as a complaint in equity in that this action must be an appeal from probate. Further, there is no doubt that appellants brought the action in the incorrect division of the court of common pleas. *See* 20 Pa.C.S. § 908(a) (any party aggrieved by a decree of the register of wills must appeal to the orphans' court within a year of the decree, unless the statutory appeal period is reduced by petition); 20 Pa.C.S. § 711(1) (orphans' court division has mandatory jurisdiction over matters relating to decedents' estates).

Case law confirms that an action contesting the validity of a will on grounds of lack of testamentary capacity, undue influence, and confidential relationship must be brought as an appeal from probate in the orphans' court division of the court of common pleas of the county of the register of wills issuing the decree. Moreover, it is incorrect to file a complaint in the civil division seeking to set aside the will. *Mangold v. Neuman*, 371 Pa. 496, 91 A.2d 904 (1952); *see also Dempsey v. Figura*, 374 Pa.Super. 347, 542 A.2d 1388 (1988).

The language of 42 Pa.C.S. § 5103 is absolute, however, admitting to no exceptions. It states that a court lacking jurisdiction *shall* transfer the action. Accordingly, lack of jurisdiction is not grounds for refusing to transfer. Further, the language states that a matter brought before the incorrect division may not be dismissed. Instantly, the trial court dismissed the action.

The cases interpreting section 5103 compel the conclusion that this action should have been transferred to the orphans' court division of the court of common pleas, not dismissed. Instructive is *Commonwealth v. Jones*, 497 Pa. 431, 441 A.2d 1215 (1982), where the criminal appellant filed a direct appeal to the Supreme Court of Pennsylvania following his adjudication of guilt before a municipal court judge of two summary criminal offenses. Pa.R.Crim.P. 67 provides that following conviction of a summary offense, the defendant must appeal to the court of common pleas of the judicial district in which the conviction occurred. Subsection (g) of the rule provides that the rule is the exclusive means of appealing from a summary conviction. Instead of dismissing the action, and thus denying the appellant review of his convictions, the supreme court transferred the action pursuant to 42 Pa.C.S. § 5103 to the court of common pleas so that the appeal could be heard and resolved.

Similarly, in *Commonwealth v. Wadzinski*, 485 Pa. 247, 401 A.2d 1129 (1978), the appellant was convicted of a summary offense and filed a petition for a writ of certiorari with the court of common pleas, which ruled that appel-

lant's constitutional challenge to the statute under which he was convicted was not cognizable in a proceeding on writ of certiorari. The Supreme Court of Pennsylvania reversed. Although the appellant had incorrectly proceeded pursuant to a writ for certiorari instead of appealing as mandated by the minor judiciary appeals act in effect at the time, the supreme court determined that the merits of the appeal should have been entertained.

At the time Wadzinski appealed his summary conviction, the court of common pleas heard appeals regarding procedural irregularities of proceedings before a magistrate, and the court of quarter sessions heard evidence de novo regarding those proceedings. While the case was on appeal, the judicial framework was reformed, leaving one court of original jurisdiction, the court of common pleas.

The court noted that one of the purposes of the unified system is to simplify procedure and remove archaisms from our system. It stated that "[a] case may not be dismissed because brought in the wrong court; if the matter is justiciable, there is jurisdiction in the court of common pleas to hear it, and in a multi-division court the remedy for bringing the case in the wrong division is not a dismissal, but a transfer of the matter to the correct division." *Id.,* 485 Pa. at 254, 401 A.2d at 1132 (footnote omitted); *see also Pennsylvania Social Services Union v. Pennsylvania Labor Relations Board,* 11 Pa.Cmwlth. 384, 314 A.2d 347 (1974) (where 43 P.S. § 1101.1502 provided that appeal from an order of the Pennsylvania Labor Relations Board should be filed with court of common pleas and appellant filed appeal to commonwealth court, appeal was not quashed but was transferred to the court of common pleas pursuant to 42 Pa.C.S. § 5103); *Gorden v. Cutler,* 324 Pa.Super. 35, 471 A.2d 449 (1983) (issue of interdivisional transfers treated in dicta).

We further note that none of the cases relied upon by appellees are dispositive of this issue; nor do they compel a different result. None address the issue of whether 42 Pa.C.S. § 5103 is applicable when the appeal from probate

was incorrectly captioned as a complaint in equity and brought in the civil instead of orphans' court division. In *Mangold v. Neuman, supra,* the predecessor statute to section 5103 was not discussed.

Further, this is not a "collateral" attack on the decree since the action was filed within a year of the decree of probate. Under section 5103, the appeal or other matter brought before a court lacking jurisdiction is treated upon transfer as having been filed originally in the transferee division on the date the appeal or other matter was brought in the incorrect division or court. Appellants brought the action within a year of the decree of probate; it was an action to set aside the will on grounds of undue influence, confidential relationship, and lack of testamentary capacity; and appellants' request to have the action transferred to the orphans' court division was not an attempt to bypass the statutory appeal period of one year set forth in 20 Pa.C.S. § 908. *Compare Dempsey v. Figura, supra* (equity complaint to set aside transfer of bonds cannot be consolidated with untimely appeal from probate thus effectively avoiding one-year appeal period set forth in 20 Pa.C.S. § 908).

The order is reversed and the case is remanded to the orphans' court division of the Court of Common Pleas of Lawrence County. The complaint in equity is to be considered as a petition sur appeal from probate filed as of November 17, 1987, from the July 10, 1987 decree of the Register of Wills of Lawrence County admitting the document dated May 29, 1987, to probate as the last will and testament of Elia P. Skinner. The orphans' court is to rule upon the remaining preliminary objections raised by Gloria and Shirley Novak with respect to the petition sur appeal from probate. Jurisdiction relinquished.