621 A.2d 1021

In re ESTATE OF Sam CANTOR.

Appeal of Sam CANTOR.

Superior Court of Pennsylvania.

Submitted Jan. 5, 1993.

Filed March 16, 1993.

David R. Morrision, Lancaster, for appellant.

Martin Cantor, pro se.

Before CIRILLO, BECK and KELLY, JJ.

KELLY, Judge.

This is an appeal from the order entered in the Orphans' Court Division of the Lancaster County Court of Common Pleas dismissing without prejudice the appellant's, Samuel Cantor's, petition to transfer assets from the former attorney-in-fact to the principal. We reverse and remand to the Orphans' Court with instructions to transfer the case to the appropriate division of the Lancaster County Court of Common Pleas.

The relevant facts and history are as follows. From the mid-1970's until December 17, 1991, Martin Cantor, the appellant's son, exercised financial control as attorney-in-fact over the appellant's financial affairs at the appellant's request. On June 15, 1992, the appellant, age ninety-three, filed a petition in the Orphans' Court Division of the Lancaster County Court of Common Pleas alleging that the attorney-in-fact had converted entrusted assets and requesting that the allegedly converted assets be returned (the petition). However, the appellant did not allege in the petition that he was either disabled or incapacitated in any way. The trial court, *sua sponte*, ruled that 20 Pa.C.S.A. § 712(4) does not permit the Orphans' Court to exercise non-mandatory jurisdiction over a dispute concerning actions purportedly taken by an attorney-in-fact when the principal has neither alleged incapacity or disability. The Orphans' Court then entered an order dismissing the appellant's petition without prejudice to the appellant's right to proceed appropriately with the petition in the division of the Common Pleas Court having proper jurisdiction over the matter. This timely appeal followed.

On appeal, the appellant raises the following issue for our review:

1. MAY THE ORPHANS['] COURT TAKE JURISDICTION OF A MATTER INVOLVING A PRINCIPAL AND AN ATTORNEY–IN–FACT WHERE NO AVERMENT OF INCAPACITY IS MADE?

(Appellant's Brief at 3).

Before addressing the merits of the appellant's issue on appeal, we are compelled to note that jurisdiction of the

court over the subject matter can be raised at any time by either the parties or by the court on its own motion. *Daly v. School Dist. of Darby Twp.*, 434 Pa. 286, 252 A.2d 638 (1969); *Bloom v. Bloom*, 238 Pa.Super. 246, 362 A.2d 1024 (1976). Neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Hafer v. Schauer*, 429 Pa. 289, 239 A.2d 785 (1968); *United Carolina Bank v. Martocci*, 416 Pa.Super. 16, 610 A.2d 484 (1992).

Now, we may address the merits of the appellant's appeal in which he contends that 20 Pa.C.S.A. § 712(4) which grants the Orphans' Court the ability to exercise non-mandatory jurisdiction over matters pertaining to powers of attorney does not require that a petitioner plead either incapacity or disability in his petition. The appellant argues that the legislature's usage of the word "may" in 20 Pa.C.S.A. § 712(4) permits the Orphans Court to exercise non-mandatory jurisdiction over matters pertaining to powers of attorney where neither incapacity or disability has been alleged. We disagree.

■ The jurisdiction of the Court of Common Pleas may be exercised through either its Orphans' Court Division or other appropriate divisions:

> (4) Powers of attorney.—All matters pertaining to the exercise of powers by attorneys in fact or agents acting under powers of attorney as provided in Chapter 56 (relating to powers of attorney) when the principal is or may be deceased, disabled or incapacitated.

20 Pa.C.S.A. § 712(4) (footnote omitted). Thus, the Orphans' Court is permitted to assume non-mandatory jurisdiction under 20 Pa.C.S.A. § 712(4) only where the principal is or may be deceased, disabled or incapacitated. The statute does not mention, nor does it permit, the Orphans' Court to exercise non-mandatory jurisdiction over a petition concerning a power of attorney where none of the above-mentioned conditions affecting the principal has been alleged in the petition. *See* 1 Pa.Std.Prac. § 2.91; 29 Pa.Std.Prac. § 141:10. Accordingly, because the appellant had neither alleged incapacitation nor disability in his petition, the Orphans' Court properly held,

*sua sponte,* that it was not permitted to assume jurisdiction over the petition.

However, despite its inability to assume jurisdiction, the Orphans' Court erred in dismissing the appellant's petition without prejudice to the right of the appellant to proceed appropriately in a court with jurisdiction over the matter. We reach this conclusion for the following reason.

Each division of a court of common pleas is vested with the full jurisdiction of the whole court. 42 Pa.C.S.A. § 952; *Guerin v. Guerin,* 296 Pa.Super. 400, 404 n. 3, 442 A.2d 1112, 1113 n. 3 (1982). The proper remedy when a case has been brought in the wrong division of a multi-divisional common pleas court is not a dismissal, but rather, a transfer to the correct division. 42 Pa.C.S.A. § 5103(c); *Commonwealth v. Wadzinski,* 485 Pa. 247, 254–55, 401 A.2d 1129, 1132 (1978); *Lucidore v. Novak,* 391 Pa.Super. 46, 49, 570 A.2d 93, 94 (1990). Thereafter, the matter should be treated as if it was originally filed in the transferred division on the date first filed in a court or magisterial district. 42 Pa.C.S.A. § 5103(c); *Commonwealth v. Wadzinski, supra* 485 Pa. at 255, 401 A.2d at 1132. Thus, the appellant's petition should have been transferred by the Orphans' Court to the appropriate division of the Common Pleas Court, rather than dismissed without prejudice.

Based upon the foregoing, the order of the Orphans' Court Division of the Lancaster County Common Pleas Court is reversed, and the case is remanded to the Orphans' Court of Lancaster County with instructions to enter an order transferring the case to the appropriate division of the Lancaster County Common Pleas Court. Jurisdiction relinquished.