ESTATE OF Gaetano CIUCCARELLI, Deceased.

Appeal of Frank Caruso, Individually and as Administrator of the Estate of Eileen Caruso, Deceased.

Superior Court of Pennsylvania.

Argued Aug. 20, 2013.

Filed Dec. 3, 2013.

Raymond J. Quaglia, Philadelphia, for appellant.

J. Bruce McKissock, Philadelphia, for Milner, participating party.

BEFORE: SHOGAN, J., WECHT, J., and COLVILLE, J.*

OPINION BY WECHT, J.:

Frank Caruso ("Appellant")[1] appeals from the October 19, 2012 order entered by the Court of Common Pleas of Philadelphia County. That order granted C. George Milner's petition to dismiss with prejudice Appellant's claims for breach of contract, forgery, fraud and misrepresentation, breach of fiduciary duty, and breach of warranty relating to the management of assets escrowed in the estate of Gaetano Ciuccarelli ("Decedent"). After careful review, we vacate and remand.

The factual and procedural history of this case is lengthy. On November 10, 2004, Decedent executed a reciprocal will with his wife ("2004 Will"). Following her death, Decedent was unable to locate the 2004 Will, and executed a second will on May 2, 2006 ("2006 Will"). Both the 2004 Will and the 2006 Will named Decedent's sister, Angelia Scheswohl, and her husband, Edward Scheswohl ("the Scheswohls"), as Decedent's sole beneficiaries. Trial Court Opinion ("T.C.O."), 1/16/2012, at 2–3.

On November 2, 2006, Decedent died. He was survived by the Scheswohls and by his adopted daughter, Eileen Caruso. On November 21, 2006, the 2006 Will was admitted to probate as the last will and testament of Decedent. The Scheswohls were named as executors, but renounced that right in favor of their attorney, Chris-tine Embry Waltz ("Attorney Waltz"). Letters of administration *cum testamento annexo* were issued to her. On December 19, 2006, in an action filed in the Orphans' Court Division, Eileen Caruso challenged Decedent's 2006 Will (hereinafter, "Will Contest"). Eileen Caruso alleged testamentary incapacity and undue influence. She was represented by Raymond J. Quaglia ("Attorney Quaglia"). Attorney Waltz, in her capacity as administratix of Decedent's estate, was represented by C. George Milner ("Attorney Milner").

Following discovery, Attorney Waltz filed a motion to dismiss Eileen Caruso's complaint, alleging that Eileen Caruso lacked standing. On January 10, 2008, the trial court (per the Honorable Anne Lazarus, then sitting as a Common Pleas Judge) dismissed the Will Contest on the basis that Eileen Caruso lacked standing. Eileen Caruso appealed to this Court. In a memorandum filed on July 24, 2009, we remanded for further proceedings before the trial court to determine: (1) whether the 2004 Will could be probated without an original; (2) whether the 2004 Will was invalid due to testamentary incapacity or undue influence; and (3) whether Decedent's 2006 Will similarly was invalid. *In re Estate of Ciuccarelli*, 981 A.2d 940 (Pa.Super.2009) (table). On March 15 and 16, 2010, trial on these issues proceeded before the Honorable Matthew Carrafiello.[2]

On July 8, 2010, while the Will Contest remained pending in the Orphans' Court

---

* Retired Senior Judge assigned to the Superior Court.

1. Eileen Caruso, a former petitioner in this case and the wife of Appellant, died on January 15, 2012. Trial Court Opinion, 1/16/2012, at 10. Every use of the term "Appellant" by this Court refers exclusively to Frank Caruso as an individual. In its opinion, the trial court noted that there may be procedural issues regarding Appellant's representative capacity as to his late wife. *Id.* at 1. n. 1. We do not address the issue of whether Appellant may proceed with Eileen Caruso's claims in a representative capacity.

2. The Honorable Matthew Carrafiello assumed the calendar of the Honorable Anne Lazarus in January 2010, after Judge Lazarus was elevated to this Court. T.C.O. at 3 n. 2.

Division of the Court of Common Pleas of Philadelphia County, Eileen Caruso and Appellant (collectively, "the Carusos"), filed a complaint in this separate action in the Trial Division of that court. The Carusos asserted claims against TD Bank, Attorney Milner, and Attorney Waltz. These new allegations related to the escrow of proceeds from the sale of Decedent's home (hereinafter, the "Escrow Case"). Specifically, the Carusos asserted that the parties to the Will Contest consented to sell the residence and place the monies resulting from the sale in escrow pending determination of the underlying Will Contest. *See* Appellant's Stipulation and Consent to Sale of Real Estate, 7/30/2007, at 2 ("The net proceeds of the sale shall be escrowed pending determination of the petition of appeal filed by Eileen Caruso."). The residence was sold sometime "in the first half of 2007." Brief for Attorney Milner at 4. Initially, the money from the sale was held by First Patriot Abstract Company ("FPAC") with TD Bank. At some time in April 2008, FPAC advised the parties that it would no longer hold the subject funds, and it delivered a check payable to the order of "George Milner / Raymond Quaglia for Gae Ciuccarelli" to Attorney Milner. Attorney Milner endorsed the check and deposited it in an interest-bearing account, apparently without consulting the Carusos or Attorney Quaglia. Based upon Attorney Milner's actions, the Carusos alleged that Attorney Milner forged Attorney Quaglia's signature to deposit the check, and that Attorney Waltz and TD Bank also were liable. Specifically, the Carusos asserted claims for: (1) fraud, material misrepresentation, and forgery against Attorney Milner; (2) breach of contract against Attorney Milner and Attorney Waltz; (3)

breach of fiduciary duty against Attorney Waltz; and (4) breach of warranty under the Uniform Commercial Code ("UCC") against TD Bank. *See* Escrow Case Complaint, 7/8/2010, at 1–9.

On August 11, 2010, the trial court ruled against Eileen Caruso in the Will Contest, finding that (1) even if the 2006 Will was invalidated, the 2004 Will properly could be probated; and (2) neither document was the product of testamentary incapacity or undue influence. Eileen Caruso filed exceptions, which were denied on December 20, 2012. She appealed, for the second time in the Will Contest, to this Court.

Meanwhile, on August 5, 2010, TD Bank had filed preliminary objections in the Escrow Case, alleging that the Carusos lacked the capacity to sue and had failed to state a claim upon which relief could be granted. *See* Preliminary Objections of TD Bank to Escrow Case Complaint, 8/5/2010, at 1–5. On September 22, 2010, the Escrow Case was assigned to the Honorable Allan L. Tereshko of the Trial Division. On September 24, 2010, Attorney Waltz filed her own preliminary objections, alleging that the Trial Division lacked subject matter jurisdiction under 20 Pa.C.S. § 711, and that the Carusos had failed to state a claim upon which relief could be granted for breach of contract or breach of fiduciary duty. *See* Attorney Waltz's Preliminary Objections to Escrow Case Complaint, 9/24/2010, at 2.[3] On October 1, 2010, Judge Tereshko sustained TD Bank's preliminary objections and dismissed the Carusos' claims against TD Bank with prejudice. On October 28, 2010, Judge Tereshko sustained Attorney Waltz's preliminary objections, dismissed the Carusos' claims against Attorney

**3.** We note that Attorney Waltz's preliminary objections raised the issue of subject matter jurisdiction more than one week before Judge

Tereshko sustained the preliminary objections of TD Bank.

Waltz without prejudice,[4] and ordered the transfer of the remainder of the case to the Orphans' Court Division of the Court of Common Pleas of Philadelphia County.

On March 3, 2011, following transfer, the Escrow Case was assigned to Judge Carrafiello. *See* Decree, 3/3/2011, at 1. On March 23, 2011, Judge Carrafiello filed a decree that "stayed further action before [the] Orphans' Court" during the pendency of the underlying Will Contest appeal. *See* Decree, 3/23/2011, at 1. On August 16, 2011, we affirmed the Orphans' Court Division's decision in the Will Contest. Specifically, we ruled that Eileen Caruso lacked standing to contest the 2006 Will. *In re Estate of Ciuccarelli*, 32 A.3d 835 (Pa.Super.2011) (table).[5]

On September 26, 2012, Attorney Milner filed a petition to dismiss Appellant's remaining claims in the Escrow Case, asserting two bases: (1) that the Carusos lacked standing where there had been a final determination that Eileen Caruso had no beneficial interest in any part of the Ciuccarelli estate; and (2) that the Carusos had suffered no recoverable damages. On that same day, Judge Carrafiello terminated the stay of the proceedings and ordered all remaining parties to show cause as to why the Escrow Case should not be dismissed for lack of standing. On October 19, 2012, Judge Carrafiello dismissed Appellant's case with prejudice and ordered that "[Attorney] Milner shall distribute the proceeds from the sale of Gaetano Ciuccarelli's home as required by provisions of Title 20, Pa[.] Statutes Consolidated." *See* Decree, 10/19/2012 at 1. This timely appeal followed.

On November 6, 2012, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P.1925(b). On November 14, 2012, Appellant timely complied. The trial court issued its Rule 1925(a) opinion on January 16, 2013.

Appellant raises the following issues for our consideration:

1. Whether the [trial court] erred [as] a matter of law and abused its discretion in dismissing [Appellant's] claims before the pleadings were closed and before any discovery was conducted based on lack of standing to sue unrelated to the facts alleged in the pleadings of forgery, fraud and misrepresentation by Appellees causing damage to the Appellants?

2. Whether the [trial court] erred and abused its discretion in dismissing [Appellant's] claims against TD Bank on Preliminary Objections in the form of a speaking demurrer?

Brief for Appellant at 3. Typically, we would address each of Appellant's claims in turn. However, due to procedural features unique to this record, we begin by examining whether the Trial Division had the requisite subject matter jurisdiction to sustain the preliminary objections of TD Bank and Attorney Waltz prior to trans-

---

4. For the sake of clarity, we note the difference between the trial court's disposition of the preliminary objections of TD Bank and Attorney Waltz. In sustaining preliminary objections, the trial court dismissed the claims against TD Bank and Attorney Waltz with and without prejudice, respectively. Although the reason for this difference does not appear on the face of the trial court's orders, it may well have stemmed from a willingness to allow the Carusos to refile claims against

Attorney Waltz in a division that had subject matter jurisdiction over the controversy. The preliminary objections of TD Bank were sustained on grounds unrelated to subject matter jurisdiction.

5. On August 23, 2012, our Supreme Court denied allowance of appeal in the Will Contest. *In re Estate of Ciuccarelli*, 616 Pa. 666, 51 A.3d 837 (2012) (table).

ferring the Escrow Case to the Orphans' Court Division.

■ "It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." *B.J.D. v. D.L.C.*, 19 A.3d 1081, 1082 (Pa.Super.2011) (quoting *Grom v. Burgoon*, 448 Pa.Super. 616, 672 A.2d 823, 824–25 (1996)). Our standard of review is *de novo*, and our scope of review is plenary. *Id.* (citing *Commonwealth v. Jones*, 593 Pa. 295, 929 A.2d 205, 211 (2007)). "Generally, subject matter jurisdiction has been defined as the court's power to hear cases of the class to which the case at issue belongs." *Verholek v. Verholek*, 741 A.2d 792, 798 (Pa.Super.1999) (citing *Lowenschuss v. Lowenschuss*, 396 Pa.Super. 531, 579 A.2d 377, 380 n. 2 (1990)).

> Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court through due process of law. It is the right to adjudicate concerning the subject matter in a given case. . . . Without such jurisdiction, there is no authority to give judgment and one so entered is without force or effect. The trial court has jurisdiction if it is competent to hear or determine controversies of the general nature of the matter involved *sub judice*. Jurisdiction lies if the court had power to enter upon the inquiry, not whether it might ultimately decide that it could not give relief in the particular case.

*Aronson v. Sprint Spectrum, L.P.*, 767 A.2d 564, 568 (Pa.Super.2001) (quoting *Bernhard v. Bernhard*, 447 Pa.Super. 118, 668 A.2d 546, 548 (1995)).

■ Pursuant to statute, the Orphans' Court Division has mandatory and exclusive jurisdiction over "[t]he administration and distribution of the real and personal property of decedents' estates." 20 Pa.C.S. § 711(1). The Orphans' Court Division

also has mandatory and exclusive jurisdiction over "[t]he appointment, control, settlement of the accounts of, removal and discharge of, and allowance to and allocation of compensation among, all fiduciaries of estates and trusts[.]" 20 Pa.C.S. § 711(12). Taken together, these provisions mandate that the Orphans' Court Division has "exclusive jurisdiction of the administration and distribution of decedents' estates, of the control of estate fiduciaries, and of the settlement of their accounts." *Ostroff v. Yaslyk*, 419 Pa. 183, 213 A.2d 272, 274 (1965) (citing *Horner v. First Penna. Banking & Trust Co.*, 412 Pa. 72, 194 A.2d 335, 338–39 (1963); *Cole v. Wells*, 406 Pa. 81, 177 A.2d 77, 81 (1962); *Trout v. Lukey*, 402 Pa. 123, 166 A.2d 654, 655 (1961)). We conclude that the Orphans' Court Division has mandatory and exclusive jurisdiction over the claims filed against both TD Bank and Attorney Waltz.

■ Appellant's claim against TD Bank for breach of warranty speaks to the administration and distribution of the real and personal property of Decedent's estate. To wit, the claim directly implicates the management of the proceeds from the sale of Decedent's home. "[A]ny action contesting [the] accounting of funds incident to settling [an] estate comes squarely within the jurisdiction of the Orphans' Court." *In re Shahan*, 429 Pa.Super. 91, 631 A.2d 1298, 1302 (1993). As such, the subject matter of Appellant's claim against TD Bank falls under the Orphans' Court Division's statutory grant of exclusive jurisdiction. *See* 20 Pa.C.S. § 711(1).

Similarly, Appellant's claims against Attorney Waltz for breach of fiduciary duty and breach of contract directly implicate Attorney Waltz's fiduciary responsibilities as the administratrix of Decedent's estate. The administrator of an estate qualifies as a "fiduciary" under the meaning of 20 Pa. C.S. § 711(12). *See Shahan*, 631 A.2d at

1302 (citing 20 Pa.C.S. § 102) ("The statutory definition of 'fiduciary' includes the personal representative, *i.e.*, the administrator, of a decedent's estate."). Consequently, the subject matter of Appellant's claims against Attorney Waltz also falls under the Orphans' Court Division's exclusive jurisdiction. *See* 20 Pa.C.S. § 711(12).

Our conclusion that the Orphans' Court Division has exclusive and mandatory jurisdiction over Appellant's claims comports with the procedural actions of the Trial Division itself, which transferred the instant case to the Orphans' Court Division following a preliminary objection to subject matter jurisdiction raised by Attorney Waltz. *See* Attorney Waltz's Preliminary Objections to Escrow Case Complaint, 9/24/2010, at 2–4. Ultimately, the Trial Division acted correctly in transferring the Escrow Case to the Orphans' Court Division. However, prior to transfer, the Trial Division (1) sustained the preliminary objections of TD Bank, dismissing Appellant's claim against TD Bank with prejudice, *see* Order, 10/1/2010, at 1; and (2) sustained Attorney Waltz's preliminary objections, dismissing Appellant's claims against Attorney Waltz without prejudice. *See* Order, 10/28/2010, at 1. Because the Trial Division lacked subject matter jurisdiction to order these dismissals, the court's orders were made in error.

The proper remedy respecting petitions that are under the exclusive jurisdiction of one Pennsylvania court division, but which are commenced, incorrectly, in a different Pennsylvania court division is prescribed by our General Assembly. In relevant part, the Judicial Code[6] provides as follows:

**§ 5103. Transfer of erroneously filed matters**

**(a) General rule.** If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

\* \* \*

■ **(c) Interdivisional transfers.** If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, **the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.**

42 Pa.C.S. § 5103 (emphasis added). "A case may not be dismissed because [it was] brought in the wrong [division] ... the

---

6. 42 Pa.C.S. §§ 101, *et seq.*

remedy for bringing the case in the wrong division is not a dismissal, but a transfer of the matter to the correct division." *Commonwealth v. Wadzinski,* 485 Pa. 247, 401 A.2d 1129, 1132 (1978); *see also In re Estate of Cantor,* 424 Pa.Super. 24, 621 A.2d 1021, 1023 (1993). This precept applies equally to dismissals entered with and without prejudice. *See Cantor,* 621 A.2d at 1023 (finding that the trial court erred in dismissing appellant's claims without prejudice instead of transferring the matter to the civil division); *cf. Lucidore v. Novak,* 391 Pa.Super. 46, 570 A.2d 93, 95 (1990) (finding that the trial court erred in dismissing appellant's claims with prejudice instead of transferring the matter to the orphans' court).

In considering the appeal before us, we find the cases of *Novak* and *Cantor* instructive. In *Novak,* the civil division of the Court of Common Pleas of Lawrence County dismissed a challenge to a probated will due to lack of subject matter jurisdiction. *Novak,* 570 A.2d at 94. Specifically, the civil division granted preliminary objections alleging that the orphans' court had exclusive jurisdiction over the controversy pursuant to 20 Pa.C.S. § 711. *Id.* On appeal, this Court reversed and remanded the case because the trial court should have transferred the case to the orphans' court pursuant to 42 Pa.C.S. § 5103, instead of dismissing it with prejudice. *Id.* at 95.

In *Cantor,* the orphans' court of the Lancaster County Court of Common Pleas dismissed without prejudice a petitioner's claim on the basis that the orphans' court lacked subject matter jurisdiction. 621 A.2d at 1022.[7] Specifically, the orphans' court based its decision on the lack of nonmandatory jurisdiction. *Id.* On appeal, this Court reversed the orphans' court's dismissal of the claims, and remanded the case for adjudication before the proper judicial division. The thrust of *Cantor* is that dismissing a case without prejudice for want of subject matter jurisdiction, when another division of the court properly has subject matter jurisdiction, conflicts with 42 Pa.C.S. § 5103(c):

> [D]espite its inability to assume jurisdiction, the Orphans' Court erred in dismissing the appellant's petition without prejudice to the right of the appellant to proceed appropriately in a court with jurisdiction over the matter.... [T]he appellant's petition should have been transferred by the Orphans' Court to the appropriate division of the Common Pleas Court, rather than dismissed without prejudice.

*Id.* at 1023 (citing 42 Pa.C.S. § 5103(c); *Wadzinski,* 401 A.2d at 1132; *Novak,* 570 A.2d at 94). The statute appears to reflect a legislative determination that endorsing a policy of transfer over one of dismissal makes sense in the context of multi-divisional courts of common pleas. *See Cantor,* 621 A.2d at 1023 ("The proper remedy when a case has been brought in the wrong division of a multi-divisional common pleas court is not a dismissal, but rather, a transfer to the correct division.").

■ With the foregoing legal principles in mind, we review the dismissals granted by the Trial Division in the instant case.

7. The jurisdictional statute at issue in *Cantor* was 20 Pa.C.S. § 712, which delineates the non-mandatory jurisdiction of the Orphans' Court Division. *In re Estate of Cantor,* 424 Pa.Super. 24, 621 A.2d 1021, 1022–23 (1993). Although this is not identical to the statute here at issue, 20 Pa.C.S. § 711, we do not find the difference dispositive. Both statutes deal solely with the subject matter jurisdiction of the Orphans' Court Division. If anything, the fact that the instant case implicates the mandatory and exclusive jurisdiction of the Orphans' Court Division—as opposed to its non-mandatory jurisdiction—calls for stricter compliance with the requirements of 42 Pa. C.S. § 5103.

We begin by considering the Trial Division's order sustaining Attorney Waltz's preliminary objections. The circumstances of *Novak* and *Cantor* closely resemble those of Attorney Waltz's case. In her September 24 preliminary objections, Attorney Waltz contended that the Trial Division lacked subject matter jurisdiction pursuant to 20 Pa.C.S. § 711. *Compare* Attorney Waltz's Preliminary Objections to Escrow Case Complaint, 9/24/2010, at 2 (citing 20 Pa.C.S. § 711); *with Novak*, 570 A.2d at 94 (stating that the respondents challenged the civil division's jurisdiction pursuant to 20 Pa.C.S. § 711). In its October 28 decree, the Trial Division sustained Attorney Waltz's objections related to subject matter jurisdiction and dismissed the claims against Attorney Waltz without prejudice. *See* Order, 10/28/2010, at 1.

Here, the Trial Division's actions with regard to Attorney Waltz's preliminary objections were identical to those we disapproved in *Novak* and *Cantor*. As set forth above, we consistently have held that petitions over which one division lacks subject matter jurisdiction may not be dismissed when another division of the court properly may hear the case. *See Cantor*, 621 A.2d at 1023. Consequently, the Trial Division erred in dismissing Appellant's claims against Attorney Waltz without prejudice.

▪ Turning to the Trial Division's order sustaining TD Bank's preliminary objections, we note that the issues manifested in *Novak* and *Cantor* are not as apropos of TD Bank's circumstances as they are of Attorney Waltz's. Specifically, the Trial Division dismissed Appellant's claims against TD Bank based upon objections unrelated to subject matter jurisdiction. *See* TD Bank's Preliminary Objections to Escrow Case Complaint, 8/5/2010, at 1–5. Unlike the trial courts in *Novak* and *Cantor*, the Trial Division here did not predicate its dismissal of the claims against TD Bank upon a lack of subject matter jurisdiction. Nonetheless, due to the strict standard codified at 42 Pa.C.S. § 5103, we do not find this difference dispositive:

> The language of 42 Pa.C.S. § 5103 is absolute ... admitting to no exceptions. It states that a court lacking jurisdiction *shall* transfer the action. Accordingly, lack of jurisdiction is not grounds for refusing to transfer. Further, the language states that a matter brought before the incorrect division may not be dismissed.

*Novak*, 570 A.2d at 94 (emphasis in original).

Reading the precedent of *Novak* in the context of 42 Pa.C.S. § 5103, we are convinced that the Trial Division failed substantially to comply with the statutory requirements. Although the Trial Division did not dismiss Appellant's claims against TD Bank for want of subject matter jurisdiction, that distinction does not vitiate the statutory requirements. The Trial Division was obligated to transfer the instant case to its proper venue before the Orphans' Court Division. Independently of the substance of TD Bank's preliminary objections, the Trial Division's lack of subject matter jurisdiction deprived it of the authority to consider those objections in the first instance. *See Aronson, supra.*

▪ Based on the foregoing principles of law, we conclude that the Trial Division erred when it dismissed Appellant's claims against Attorney Waltz and TD Bank. This controversy fell under the mandatory and exclusive jurisdiction of the Orphans' Court Division, and the Trial Division was obligated to transfer the case to the proper forum. *See* 20 Pa.C.S. §§ 711(1), 711(12); 42 Pa.C.S. § 5103. It is well-settled that "[t]he court of common pleas, even as a

court of equity, cannot interfere in a matter within the exclusive jurisdiction of the Orphans' Court." *Trout,* 166 A.2d at 655 (citing *Wilson v. Board of Directors of City Trusts,* 324 Pa. 545, 188 A. 588, 594 (1936)); *see also Ostroff,* 213 A.2d at 274 ("[T]he county court, as well as the courts of common pleas, equity or other *nisi prius* courts are entirely without judicial power to act in the administration and distribution of decedents' estates.").[8]

The Trial Division's order of October 1, 2010, sustaining TD Bank's preliminary objections is vacated. The Trial Division's order of October 28, 2010, similarly is vacated with respect to the dismissal of Appellant's claims against Attorney Waltz. Because our decision herein relies on an issue properly raised by this Court *sua sponte,* we do not address the issues raised by Appellant. Consequently, this case is remanded to the Orphans' Court Division of the Court of Common Pleas of Philadelphia County, which may rule upon the preliminary objections raised by TD Bank and Attorney Waltz or otherwise proceed in a manner consistent with this Opinion.

Orders vacated. Case remanded with instructions. Jurisdiction relinquished.

COLVILLE, J. concurs in the result.

---

8. Because of our decision herein, we do not address the issue of Appellant's standing. *See In re Adoption of Z.S.H.G.,* 34 A.3d 1283, 1288–89 (Pa.Super.2011) (quoting *Beers v. Unemployment Comp. Bd. of Review,* 534 Pa. 605, 633 A.2d 1158, 1160 n. 6 (1993)) ("Subject matter jurisdiction concerns the competency of a court to determine controversies of the general class to which the case presented for its consideration belongs 'Whether a party has standing to maintain an action is not a jurisdictional question.'"). Our Supreme Court has articulated the principle that consideration of subject matter jurisdiction is an antecedent matter, and is differentiated from standing analysis. *See id.* at 1288–89 (quoting *In re Nomination Petition of deYoung,* 588 Pa. 194, 903 A.2d 1164 (2006)) ("The *deYoung* Court 'specifically renounce[d]' the holding ... that subject matter jurisdiction is intertwined with standing[.]").