**Estate of Ciuccarelli**

CARRAFIELLO, *J.*, May 21, 2014—Frank Caruso[1] (hereinafter referred to as "appellant") appealed the orphans' court's decree dated April 2, 2014, which sustained the preliminary objections of appellees Christine Embry Waltz and TD Bank, NA to dismiss the claims of Eileen and Frank Caruso for lack of standing.

The issues presently before the court are whether the orphans' court erred in sustaining the preliminary objections and dismissing the matter.

## FACTS

The present matter is a dispute over proceeds from the sale of real property in the estate of Gaetano Ciuccarelli (hereinafter referred to as the "Escrow Case").

Briefly stated, while the Will Contest, initiated by Eileen Caruso, was proceeding in the orphans' court division, the Escrow Case was filed by Eileen Caruso and her husband, appellant herein, in the civil trial division. The trial division ruled on preliminary objections dismissing the claims against appellees prior to transferring the remainder of the case to the Orphans' Court Division. The appellant appealed from the Orphans' Court's final decree of October 19, 2012 entered in the Escrow Case.

---

1. Eileen Caruso, a former petitioner in this case, the wife of appellant, and the adopted daughter of the decedent, died January 5, 2012. On May 13, 2013 the Superior Court allowed the substitution of Frank Caruso individually and as administrator of the estate of Eileen Caruso, deceased, as a party in this matter.

On appeal, the Superior Court, *sua sponte*, held that the trial division lacked subject matter jurisdiction to decide the preliminary objections and on December 3, 2013, remanded the case back to the Orphans' Court.[2]

The pertinent facts are as follows:

The decedent, Gaetano Ciuccarelli, died testate on November 2, 2006, survived by his sister, Angelina Scheswohl, and her husband, Edward Scheswohl (hereinafter referred to as "the Scheswohls"), and his adopted daughter, Eileen Caruso. The decedent's will dated May 2, 2006 was admitted to probate on November 21, 2006 and letters of administration *Cum Testamento Annexo* were issued to Christine Embry Waltz, Esq. (hereinafter referred to as "Attorney Waltz").

On December 19, 2006, Eileen Caruso, through her counsel Raymond J. Quaglia, Esq. (hereinafter referred to as "Attorney Quaglia") filed a notice of appeal of the register's grant of letters, and a petition for citation with the Orphans' Court, alleging lack of testamentary capacity and undue influence with respect to the 2006 Will. C. George Milner, Esq. (hereinafter referred to as "Attorney Milner") represented Attorney Waltz, in her capacity as administratix of decedent's estate.

On January 10, 2008, the honorable Anne Lazarus dismissed the Will Contest, without hearing, holding that Eileen Caruso lacked standing since the Scheswohls were the sole beneficiaries under the 2006 Will and the decedent's prior 2004 Will dated November 10, 2004. Eileen Caruso appealed to the Superior Court, which remanded

---

2. The lengthy factual and procedural history of both the Escrow Case and the Will Contest is well known to the Superior Court and is set out in its opinion of December 3, 2013, *In re Gaetano Ciuccarelli*, 2013 PA Super 310, 81 A.3d 953 (2013).

for further proceedings before the Orphans' Court to determine: (1) whether the 2004 Will could be probated without an original; (2) whether the 2004 Will was invalid due to testamentary incapacity or undue influence; and (3) whether decedent's 2006 Will was similarly invalid. *In re Estate of Ciuccarelli*, 981 A.2d 940 (Pa. Super. 2009) (Table).

An adjudicatory hearing on the above issues was held on March 15 and 16, 2010 by the undersigned judge.[3]

On August 11, 2010, the Orphans' Court ruled against Eileen Caruso finding that (1) even if the 2006 Will were invalid, the 2004 Will properly could be probated; and (2) neither document was the product of testamentary incapacity or undue influence. Following denial of her Exceptions, Eileen Caruso appealed.

The Superior Court affirmed the Orphans' Court's decision on August 16, 2011, specifically holding that Eileen Caruso lacked standing to contest the 2006 Will. *In re Estate of Ciuccarelli*, 32 A.3d 835 (Pa. Super. 2011) (Table).

The Pennsylvania Supreme Court denied appellant's petition for allowance of appeal on August 23, 2012, conclusively and definitively establishing that Eileen Caruso had no standing to contest the Will. *In re Estate of Ciuccarelli*, 51 A.3d 837 (2012) (Table).

In 2007, while the Will Contest was continuing, the decedent's home was sold, and the parties agreed that the proceeds from the sale would be held in escrow pending resolution of the Will Contest pursuant to a written escrow

---

3. In January of 2010, the undersigned judge assumed the calendar of the Honorable Anne Lazarus who had ascended to the Superior Court bench.

agreement dated July 30, 2007[4]. $250,218.68 was retained by first patriot abstract company in a non-interest bearing account with TD Bank, NA. Subsequently, in or about April 2008, first patriot abstract company advised the parties that it would no longer hold the funds, and delivered to attorney Milner, a check in the amount of $231,537.86 payable to the order of "George Milner/Raymond Quaglia for Gae Ciuccarelli," retaining the remaining funds for inheritance taxes. Attorney Milner endorsed the check and deposited it in an interest-bearing account, apparently without consulting the Carusos or attorney Quaglia.

On July 8, 2010, after the March 15th trial before the undersigned judge pursuant to the Superior Court's remand of the Will Contest case, but prior to the orphans' court's decision being rendered, Eileen Caruso and her husband, the appellant (hereinafter referred to collectively as "the Carusos"), commenced their Escrow Case by filing a separate action in the Philadelphia Court of Common Pleas Civil Trial Division against attorney Milner, Attorney Waltz, and TD Bank, NA, alleging (1) fraud, material misrepresentation, and forgery against attorney Milner; (2) breach of contract against attorney Milner and Attorney Waltz; (3) breach of fiduciary duty against attorney Waltz; and (4) breach of warranty under the Uniform Commercial Code ("UCC") against TD Bank.[5]

TD Bank, NA filed preliminary objections to the Escrow Case Complaint alleging the Carusos lacked capacity to sue and had failed to state a claim upon which relief could be granted. Attorney Waltz filed preliminary

---

4. Stipulation and consent to sale of real estate dated 7/30/2007, attached as exhibit A to the Carusos' Escrow Case Complaint, provides that "[t]he net proceeds of the sale shall be escrowed pending determination of the petition of appeal filed by Eileen Caruso."

5. *Caruso, et al. v. TD Bank, et al.*, Philadelphia County Court of Common Pleas July Term 2010 No. 442.

objections alleging the Civil Trial Division lacked subject matter jurisdiction under 20 Pa. C.S. § 711, and that the Carusos failed to state a claim upon which relief could be granted for breach of contract or breach of fiduciary duty. The Honorable Allan L. Tereshko of the civil trial division sustained both sets of preliminary objections dismissing the Carusos' claims against TD Bank by order dated October 1, 2010 and against attorney Waltz by order dated October 28, 2010 and ordered the transfer of the remainder of the case to the Orphans' Court Division.

Upon receipt of the escrow case by the Orphans' Court on March 3, 2011, the undersigned judge stayed all proceedings pending the outcome of the appeal of the Will Contest before the Superior Court.

On September 26, 2012, after all appeals of the Will Contest had been exhausted, attorney Milner filed a petition to dismiss appellant's remaining claims in the Escrow Case, asserting that: (1) the Carusos lacked standing and (2) the Carusos had suffered no recoverable damages. The undersigned judge terminated the stay of proceedings and ordered all remaining parties to show cause why the Escrow Case should not be dismissed for lack of standing. Attorney Quaglia filed an answer in opposition to the petition. On October 19, 2012, the undersigned Judge dismissed appellant's case with prejudice and ordered that "[Attorney] Milner shall distribute the proceeds from the sale of Gaetano Ciuccarelli's home as required by provisions of title 20, Pa[.] Statutes Consolidated." *See* decree, 10/19/2012 at 1. Appellant appealed.

On appeal, the Superior Court, *sua sponte*, found that the trial division lacked subject matter jurisdiction to rule on the preliminary objections of TD Bank and attorney Waltz as appellant's claims against them were solely within

the mandatory and exclusive jurisdiction of the Orphans' Court under 20 Pa. C.S. § 711(1), that the trial court's orders were entered in error, and that the case should have been transferred to the Orphans' Court Division under 42 Pa. C.S. § 5103. *In re Estate of Ciuccarelli*, 81 A.3d 953, 959 (Pa. Super. Ct. 2013). The Superior Court vacated the trial division's orders dated October 1, 2010 and October 28, 2010 sustaining the preliminary objections, and remanded the case to the Orphans' Court Division to "rule upon the preliminary objections raised by TD Bank and attorney Waltz or otherwise proceed in a manner consistent with this [the Superior Court's] opinion. *Id.* at 961-962.

Upon remand, the undersigned judge by decree dated February 27, 2014, permitted the parties to submit supplemental memoranda addressing facts and/or issues that they contend affect the outcome of the Orphans' Court's consideration of the preliminary objections. Attorney Milner, attorney Waltz, and TD Bank, NA submitted supplemental memoranda. Attorney Quaglia submitted a copy of his brief filed with the Superior Court challenging the undersigned judge's October 19, 2012 decree, as well as a response to attorney Milner's supplemental memorandum.

On April 2, 2014, after due consideration of the original preliminary objections and answers, as well as the supplemental memoranda submitted by the parties, this Orphans' Court sustained the preliminary objections of TD Bank, NA and attorney Waltz, holding that the Carusos had failed to state a claim upon which relief could be granted because they had no claim to the proceeds, nor had any other cognizable cause of action. Appellant timely appealed.

## ISSUES

1. WHETHER THE ORPHANS' COURT ERRED IN SUSTAINING THE PRELIMINARY OBJECTIONS OF TD BANK, NA AND ATTORNEY WALTZ.

2. WHETHER THE ORPHANS' COURT ERRED IN ORDERING THE MATTER DISMISSED FOR LACK OF STANDING.

## DISCUSSION

1. THE ORPHANS' COURT CORRECTLY SUSTAINED THE PRELIMINARY OBJECTIONS OF TD BANK, NA AND ATTORNEY WALTZ, FINDING APPELLANT LACKED STANDING.

A. Appellant lacks standing because the final, unappealable holding of the court is that Eileen Caruso is not a beneficiary under her father's Will.

Our Supreme Court instructs us that "the core concept [of standing] ... is that a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution to his challenge." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 193, 346 A.2d 269, 281 (1975). There, enunciated was the principle that to have standing, the proponent of the action must have a direct, substantial, and immediate interest in the matter at hand. *William Penn*, 464 Pa. at 192, 346 A.2d at 280 (citing *Keystone Raceway Corp. v. State Harness Racing Comm.*, 405 Pa. 1, 7-8, 173 A.2d 97, 100 (1961)). In *William Penn*, the Supreme Court then expanded on the definition of each of these factors:

[T]he requirement of a "substantial" interest simply means that the individual's interest must have substance

— there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law.... The requirement that an interest be "direct" simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains.... the interest [must] be "immediate" and "not a remote consequence of the judgment."

*William Penn*, 464 Pa. at 195-97, 346 A.2d at 282-83.

The present action involves claims by appellant that funds from the sale of the decedent Gaetano Ciuccarelli's home were transferred under an unauthorized, forged signature. It is undisputed that the funds in question are from the sale of the decedent's home. As such, they are an asset of the estate of Gaetano Ciuccarelli and must be distributed — upon administration of the estate — to the beneficiaries named in the decedent's will.

The final and uncontestable holding of our Supreme Court is that Eileen Caruso and appellant as administrator of her Estate is not a beneficiary of the estate of Gaetano Ciuccarelli. Even if we assume the endorsement was forged, appellant has no interest nor suffers any discernible effect from appellees' purported actions. Further, allegations that appellees violated the escrow agreement giving rise to this cause of action are incorrect and not sustainable by the uncontroverted facts. Specifically, the escrow agreement provided "the net proceeds of the sale shall be escrowed pending determination of the petition of appeal filed by Eileen Caruso." At the time of the endorsement, the determination of the Will Contest had been made, and later became final, with Eileen Caruso and appellant, as administrator of her estate, never having been successful on the merits at any stage of the proceedings.

While the issue of Eileen Caruso's standing was appealed and did not become final until after the distribution of the escrow funds, that decision certainly relates back to the decedent Ciucearelli's estate's entitlement to the funds and divests Eileen Caruso and appellant of any possible standing to claim injury or damages, let alone standing to maintain this suit.

B. Appellant's argument that he was deprived of a "lost settlement opportunity" is not a recognized cause of action.

The appellant's argument, that he deserves damages for a "lost settlement opportunity" caused by the appellees' purported actions, is unsustainable. He provides no Pennsylvania case law, nor has any been found, to support the proposition that a plaintiff may recover damages for a lost settlement opportunity. Further, he offers no documentation of any settlement offer ever having been made, nor does he give any specificity as to where and when such an agreement was alleged in his pleadings. The first mention of such an allegation came in his answer to attorney Milner's petition to dismiss. At no point within his original complaint does he reference a settlement offer nor has he amended his complaint to that effect. Even when offered the opportunity to submit a supplemental memorandaum, which would have been the perfect opportunity to disclose the substance of the alleged settlement opportunity, appellant remained silent, except to submit what had been submitted before. No settlement offer having been made or facts alleged which would indicate that a settlement was in the realm of possibility, such a lost settlement opportunity did not exist.

Further, the only way such a settlement opportunity could ever exist would be to assume that the appellant and

his attorney intended to hold said money in violation of the escrow agreement itself which required disbursement after loss of the Will Contest case and to willfully and obdurately refuse to endorse the draft until a settlement could be extracted from the estate. In effect stating, that without duress or other conduct against public policy, this matter cannot be settled.

Since we are unwilling to believe appellant would consciously further such a scheme to thwart the rule of law, we have concluded appellant never had any rights in the fund, never had right to withhold its transfer and never had any right to bring a claim over the endorsement.

In dismissing the matter instead of giving leave to amend the complaint, the Orphans' Court seriously considered what else could be pled that would give appellant a viable cause of action. Only after determining that no disputed facts existed at the time of the escrow distribution upon which a true settlement could have been negotiated, and that the complaint could not be cured irrespective of further facts or issues pled, did the Orphans' Court take the onerous action of terminating appellant's case.

Considering that the underlying issues were determined and had been appealed to finality in the Will Contest, and thus become *res judicata*, and that upon remand, appellant was given but refused to avail himself the opportunity to present a supplemental memorandum, and that further litigation would be of no avail and only consume the costs of the litigants, it would have been senseless and a misuse of judicial discretion to order otherwise.

2. THE ORPHANS' COURT CORRECTLY DISMISSED THIS MATTER AFTER SUSTAINING THE PRELIMINARY OBJECTIONS.

A party lacking standing may be dismissed preliminarily, before trial, on motion. In *Fumo v. City of Philadelphia*, 601 Pa. 322, 336, 972 A.2d 487, 496 (2009), our Supreme Court states that "[i]n seeking judicial resolution of a controversy, a party must establish as a threshold matter that he has standing to maintain the action." (citing *Stilp v. Commonwealth*, 596 Pa. 62, 940 A.2d 1227, 1233 (2007)). Our Supreme Court continues by holding that: "[a] challenge to the standing of a party to maintain the action raises a question of law." *Fumo*, 601 Pa. at 336, 972 A.2d at 496 (citing *In re Milton Hershey Sch.*, 590 Pa. 35, 911 A.2d 1258 (2006)).

Pursuant to Pa. R.C.P. No. 1028(a) (4), if a party lacks standing, the case can be dismissed preliminarily for legal insufficiency of a pleading (demurrer).

In this case, by finding that appellant lacked standing for the reasons already addressed above, the orphans' court properly sustained the demurrer on preliminary objections and dismissed the case.

## CONCLUSION

The matter currently before the court presents no new issues of fact or law that have not already been determined by this honorable Superior Court and for which any further appeals to the Pennsylvania Supreme Court have already been denied. Appellant's attorney, even in the employment of strident and persistent advocacy, has been unable to cite any authority that would permit this case to proceed further.

Even considering the allegation that appellee's counsel forged appellant's counsel's name, since any such event has cost the appellant no loss, the continuation of this action would be a waste of judicial and litigants' assets

and delay long-overdue closure.

The argument that the action was properly before the court on the theory of damages arising from a lost settlement opportunity is completely untenable since appellant lacks standing to raise a claim upon which a settlement can be negotiated. To find even the hint of the cause of action would be to sanction appellant's unlawful behavior and to legitimize duress.

Based on the Orphans' Court's previous holdings, which have been affirmed on appeal, as well as the appellant's lack of standing, the Orphans' Court properly dismissed this matter with prejudice.