J-A24007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FREEDOM MORTGAGE CORPORATION | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PATRICIA E. DENNIS | |
| Appellant | No. 3423 EDA 2015 |

Appeal from the Order October 26, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-07116

BEFORE:  BOWES, OTT AND SOLANO, JJ.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 30, 2016**

Patricia E. Dennis appeals, *pro se*, from the October 26, 2015 order granting summary judgment in favor of Freedom Mortgage Corporation ("Freedom").  We affirm.

On March 29, 2013, Ms. Dennis executed a mortgage and associated promissory note in the amount of $149,469.00, and secured by the real property located at 652 Haws Avenue, Norristown, Pennsylvania.  The mortgage was recorded on April 10, 2013.  Ms. Dennis provided the mortgage to Mortgage Electronic Registration System ("MERS") as nominee for Freedom, in consideration of her loan, with payments to commence on April 1, 2013.  MERS assigned the mortgage to Freedom on March 11, 2014, and that assignment was properly recorded on March 25, 2014.

On September 1, 2013, Ms. Dennis defaulted on the note and mortgage by failing to make her monthly payment. Freedom provided her with the requisite notice of default, and Act 6 and Act 91 combined notice, including notice of its intent to foreclose. Freedom commenced the underlying mortgage foreclosure action on April 1, 2014, attaching the note and mortgage thereto. Ms. Dennis unsuccessfully attempted to remove the case to United States District Court for the Eastern District of Pennsylvania. Freedom then obtained a default judgment against Ms. Dennis, but the court granted a petition to open default judgment on August 8, 2015. Subsequently, Ms. Dennis filed an answer to Freedom's original complaint alleging, *inter alia*, that Freedom did not possess the original note or mortgage, and therefore lacked standing to bring a foreclosure action on her property.

Freedom filed a motion for summary judgment, attaching copies of the note, mortgage, assignment, and an affidavit averring that Freedom possessed the original note and mortgage encumbering Ms. Dennis's property. The court granted Freedom's motion for summary judgment, and Ms. Dennis filed a timely appeal. The court directed Ms. Dennis to file a Rule 1925(b) concise statement of errors complained of on appeal, with which she complied, and then authored its Rule 1925(a) opinion.

Ms. Dennis raises seven questions for our review:

1. Can the Trial Court render *in rem* judgment for a debt collector?

2. Did the mortgage get separated from the Note prior to the foreclosure action being commence[d]?

3. Does a mortgage being assigned alone nullif[y] the enforceability of it?

4. Was Government National Mortgage Association the holder of the Note?

5. Is [Freedom] an Approved Document Custodian for Government National Mortgage Association?

6. Is [Freedom] in possession of the original Note?

7. Can [Freedom] proceed with the foreclosure action?

Appellant's brief at 5-6.

Our scope and standard of review of a trial court's order granting summary judgment is as follows.

> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court . . . [a]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Where our analysis involves solely questions of law, our review is *de novo*.
>
> Thus, our responsibility as an appellate court is to determine whether the record either established that the material facts are undisputed or contains insufficient evidence of facts to make out a *prima facie* cause of action, such that there is no issue to be decided by the fact finder.

- 3 -

*Gerber v. Piergrossi*, 2016 WL 3414993 (Pa.Super. 2016) at *3 (citation omitted).

Ms. Dennis devotes the majority of her brief to her contention that the court lacked subject-matter jurisdiction when it granted Freedom's motion for summary judgment. While her statement of the question does not state her contention in those words, we construe Ms. Dennis's issue on appeal as encompassing this question. *See Ir re Ullman*, 995 A.2d 1207, 1211-12 (Pa.Super. 2010) ("[T]his Court is willing to liberally construe materials filed by a *pro se* litigant, [however] *pro se* status confers no special benefit upon the appellant.").

Ms. Dennis first asserts that Freedom is a "debt collector," as defined in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. She maintains that since Freedom is a New Jersey-based debt collector engaging in interstate commerce, and she is a resident of Pennsylvania, the Montgomery County Court of Common Pleas lacked jurisdiction to grant summary judgment in favor of Freedom, and the federal courts maintain jurisdiction over this dispute.

Subject matter jurisdiction refers to the court's competency to hear and decide the type of controversy presented. *Sheard v. J.J. DeLuca Co., Inc.*, 92 A.3d 68, 75 (Pa.Super. 2014). Jurisdiction over the subject matter refers to "the nature of the cause of action and of the relief sought; and this is conferred by the sovereign authority which organizes the court, and is to

be sought for in the general nature of its powers, or in authority specially conferred." *Id*. (quoting *Mid-City Bank & Trust Co. v. Myers*, 23 A.2d 420, 423 (Pa. 1942)). The question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*. *In re Estate of Ciuccarelli*, 81 A.3d 953, 958 (Pa.Super. 2013) (citation omitted). Notwithstanding exceptions inapplicable to this matter, our courts of common pleas have unlimited jurisdiction over all proceedings in this Commonwealth, unless otherwise provided by law. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547, 552 (Pa. 2013); 42 Pa.C.S. § 931(a).

At the outset, we observe that it is unclear whether Ms. Dennis is arguing that federal question or diversity subject matter jurisdiction is invoked by this matter. Furthermore, she does not reference any legal authority indicating how Freedom's status as a "debt collector" affects state jurisdiction. Nonetheless, since the Montgomery County Court of Common Pleas exercises jurisdiction over all proceedings arising in that county, including complaints in mortgage foreclosure, we find jurisdiction was properly within that court. 42 Pa.C.S. § 931(a).

Additionally, we note Ms. Dennis's previous attempt to remove this matter to federal court under diversity jurisdiction was found to be improper since Ms. Dennis, as the defendant in the underlying complaint, is a citizen of Pennsylvania. *See* 28 U.S.C. § 1441(b)(2) ("a civil action otherwise

- 5 -

removable solely on the basis of the jurisdiction under [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.").

Furthermore, despite Freedom's admission that it is a "debt collector," *see* Appellee's brief at 3, Freedom does not meet the definition of that term under the FDCPA. The FDCPA defines "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) . . . [t]he term does not include--
>
> * * *
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person[.]

15 U.S.C. § 1692a(6). Freedom, as the original mortgagee of the loan, attempted to collect its own debt owed to it by Ms. Dennis. Under the plain meaning of the FDCPA, Freedom is not a "debt collector," as Ms. Dennis's default concerns a debt originated by Freedom. This analysis is consistent with the Third Circuit's interpretation of the FDCPA. *See Police v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3rd Cir. 2000) (quoting *Staub v. Harris*, 626 F.2d 275, 277 (3rd Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf.")). As Freedom's

attempts to recover its debt from Ms. Dennis did not implicate the FDCPA, no federal question of law arises in this matter, and federal jurisdiction is not invoked on that ground. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Hence, Ms. Dennis's arguments that the federal courts have jurisdiction over this dispute are without merit.

When liberally construed, Ms. Dennis's second, fourth, and fifth claims all contest the trial court's finding that Freedom held the mortgage and note at all relevant times during this proceeding. As her second and third issues are also interrelated, we will discuss these four issues jointly.

The following principles apply to courts reviewing summary judgments in mortgage foreclosure proceedings. Specifically, upon default, a mortgage holder has the right to pursue a mortgage foreclosure action. *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa.Super. 2013) (citation omitted). The mortgage holder:

> is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Id*. at 465 (citations omitted).

Ms. Dennis's contentions in this regard focus on Freedom's purported possession of the mortgage and note, thereby implicating its authority to bring a foreclosure action against her. Ms. Dennis presented a letter from Freedom's loan servicer, LoanCare, that, as of October 23, 2013, the

Government National Mortgage Association ("Ginnie Mae") held her note. She claims that, on March 11, 2014, MERS assigned the mortgage to Freedom. She further argues that Freedom is not in possession of the original note, and since the documents have been separated, they are no longer enforceable. Thus, she contends, genuine issues of material fact remain that should have precluded the entry of summary judgment.

First, we reject Ms. Dennis's assertion that the assignment of the mortgage alone rendered the note unenforceable. She cites no persuasive authority in support of this claim. Instantly, Freedom presented evidence that Ms. Dennis defaulted on her obligations under the note on September 1, 2013. It demonstrated that MERS assigned Freedom the mortgage on March 10, 2014, with that assignment being recorded on March 25, 2014. Thus, Freedom had the right to bring a foreclosure action when it filed its complaint in foreclosure on April 1, 2014. ***Gibson***, ***supra***.

Freedom moved for summary judgment on June 3, 2015. In its motion for summary judgment, Freedom confirmed its status as the assignee of the mortgage by appending a copy of that assignment from MERS. Significantly, Freedom also attached an affidavit averring it was in possession of the original note. Although Ms. Dennis provided evidence that Ginnie Mae held the note as of October 23, 2013, she provided no evidence that it remained in Ginnie Mae's possession on June 3, 2015, the day Freedom moved for summary judgment. Hence, upon review of the

evidence of record, Freedom was entitled to enforce Ms. Dennis's obligations under the note. *See JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1265-66 (Pa.Super. 2013) (finding that a note secured by a mortgage is a negotiable instrument, and the possessor thereof has the right to enforce it).

Finally, we observe that Ms. Dennis's fifth and seventh issues were not asserted before the trial court or included in her Rule 1925(b) concise statement of matters complained of on appeal. It is axiomatic that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). Therefore, these issues are waived.

In sum, Ms. Dennis failed to produce any evidence of record to demonstrate a genuine issue of material fact as to the holder of the note and mortgage. Therefore, the trial court properly granted summary judgment in favor of Freedom.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016