J. A34002/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.M.W., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | No. 1261 MDA 2014 |
| | : | |
| N.P. | : | |

Appeal from the Order Entered July 16, 2014,
in the Court of Common Pleas of Luzerne County
Civil Division at No. 2014-05853

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STABILE, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 12, 2015**

A.M.W. ("Mother") appeals the order of the Court of Common Pleas of Luzerne County entered on July 16, 2014, in which the court dismissed Mother's complaint in custody and determined the State of Wisconsin shall have exclusive jurisdiction of this custody matter until March 1, 2015, which represents the date agreed to by the parties.  We reverse.

Mother and N.P. ("Father") were married in Pennsylvania on April 29, 2000, and subsequently moved to Wisconsin.  They are the parents of six minor children ("the Children") born between 2002 and 2009.  Divorce proceedings were commenced in Wisconsin in 2010, and on March 1, 2013, the Jefferson County, Wisconsin, Circuit Court entered Findings of Fact, Conclusions of Law, and Judgment in Divorce.  Also on March 1, 2013, the parties entered into a partial marital settlement agreement on legal custody

and physical placement. For our purposes, the pertinent sections of the agreement are as follows:

> 6. REVIEW OF PLACEMENT WITHIN 2 YEARS AND VENUE
>
> Neil shall notify Annie by April 30, 2013 if he intends to move with the children prior to the commencement of the 2013-2014 school year. In the event Annie moves to the state where the children reside within 2 years of entry of this initial order for custody and placement, the parties agree to review the physical placement schedule in using the standard set forth in Wis. Stats. §767.451(1)(b) thereby waiving the higher standard set forth in Wis. Stats. §767.451(1)(a).
>
> The parties further agree to waive the provisions of Wisc. Stats. sec. 822.22 and sec. 822.27 that would otherwise permit child custody/placement jurisdiction to transfer to Ohio or another state under the UCCJEA upon Annie's move to Ohio or another state. ***The parties stipulate and agree that the Jefferson County, WI Circuit Court shall retain continuing and exclusive jurisdiction over the determination of all child custody and physical placement disputes until the youngest minor child of the parties reached [sic] the age of 18. The parties further stipulate and agree that the Circuit Court of Jefferson County, WI shall continue to be a convenient forum to resolve all disputes between the parties regarding the legal custody and physical placement of their children notwithstanding either party's residence in any state or country other than Wisconsin.***

R.R. at 40a (emphasis added).

Approximately 14 months prior to the above agreement, Father moved from Wisconsin to Kenton, Ohio, with the Children. Father moved to Pennsylvania with the Children in July 2013 and currently resides in Luzerne County. Mother moved to Pennsylvania in September 2013 and currently resides in Lackawanna County.

On May 6, 2014, Mother filed a complaint for custody in Luzerne County. Father filed an emergency petition for special relief seeking to dismiss Mother's custody complaint on June 4, 2013. A hearing was held in Luzerne County on June 17, 2014, before the Honorable Jennifer L. Rogers. Judge William F. Hue of the Circuit Court of Jefferson County, Wisconsin, participated by telephone. Judge Hue stated he was not aware of anything currently open in his file. (Notes of testimony, 6/17/14 at 3.) After a short discussion, and both judges agreeing that factually Luzerne County was the more convenient forum, the issue was narrowed down to whether Wisconsin continued to have continuing exclusive jurisdiction because the parties stipulated to that in their judgment of divorce. (*Id.* at 7.) At the conclusion of the hearing, it was decided that the parties would brief this issue, and another hearing would take place.

On July 15, 2014, a second hearing occurred at which Judge Hue again participated by telephone. Judge Rogers stated she found Pennsylvania to be the more convenient forum. (Notes of testimony, 7/15/14 at 6-7.)

Judge Hue stated that while Pennsylvania seems to be the more convenient forum, he believed this case had a broader issue. He explained:

> What disturbs me broadly about this is we have a general repose statute in Wisconsin which is a 2-year cooling off period that we have before we start to relitigate cases concerning custody and placement. We've got a general understanding in Wisconsin that we follow the federal laws that pertain to the children moving, that there was some contemplation of the parties moving to a different state and an agreement here in Wisconsin that Wisconsin would have exclusive jurisdiction over these issues and that any matters concerning the children's custody and placement would occur in Wisconsin even within that 2-year period. So we've got sort of this public policy idea that we've got a period of repose that's been superseded by the agreement of the parties at this time. The agreement of the parties has been superseded by actions of a party to call into question custody and placement. There appears to be some presentations that a trade for that deviation of public policy is something that the Court could have ordered on its own in that the parties agreed that the Court in Wisconsin would have exclusive jurisdiction over those issues and if within two years, for example, the parties wanted to relitigate custody and placement they would come back to Wisconsin and do it.

*Id.* at 8-10.

At the conclusion of the hearing, the judges agreed that the two-year cooling off period would be recognized, and Wisconsin would be the appropriate forum up to March 2015 without prejudice to any party filing in another state after that date. An order was entered dismissing Mother's custody complaint and finding Wisconsin had exclusive jurisdiction of this

custody matter until March 1, 2015.[1]  Mother filed this timely appeal and

raises the following issue:

> Whether the lower court erred by relinquishing jurisdiction to the state of Wisconsin in violation of the UCCJEA, 23 Pa. C.S.A. §5401 et seq., as Pennsylvania is the more convenient forum for current and future custody litigation and the parties' agreement is merely one of eight factors to be considered in determining the more convenient forum pursuant to 23 Pa. C.S.A. §5427?

Mother's brief at 2.

Our standard of review for decisions involving jurisdiction is as follows:

> A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion.  Under Pennsylvania law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings.  An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures.

***Wagner v. Wagner***, 887 A.2d 282, 285 (Pa.Super. 2005) (citation

omitted).

---

[1] In its statement in lieu of a Rule 1925(a) opinion filed August 5, 2014, the trial court found Mother's appeal interlocutory and suggested quashal.  We disagree as the trial court's order dismissing Mother's complaint for custody effectively ended litigation; thus, it was a final order.  ***See Parker v. MacDonald***, 496 A.2d 1244, 1247 (Pa.Super. 1985) (a final order has been defined as one which effectively ends litigation or disposes of the entire case).

There is no question that the Uniform Child Custody Jurisdiction Enforcement Act ("UCCJEA") is applicable to this matter. Both Pennsylvania and Wisconsin have adopted it. There is no dispute that the parties and Children have resided in Pennsylvania for more than six months prior to Mother filing her complaint in custody. Having determined that Pennsylvania has subject matter jurisdiction, we turn to Section 5427 of the UCCJEA. A trial court may decline to exercise jurisdiction over a child custody dispute if it determines it is an inconvenient forum. Under Section 5427, a trial court must consider the following when determining if it is an inconvenient forum:

**§ 5427. Inconvenient forum**

**(a) General rule.--**A court of this Commonwealth which has jurisdiction under this chapter to make a child custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum. The issue of inconvenient forum may be raised upon motion of a party, the court's own motion or request of another court.

**(b) Factors.--**Before determining whether it is an inconvenient forum, a court of this Commonwealth shall consider whether it is appropriate for a court of another state to exercise jurisdiction. For this purpose, the court shall allow the parties to submit information and shall consider all relevant factors, including:

(1) whether domestic violence has occurred and is likely to continue in the future and which state could

best protect the parties and the child;

(2) the length of time the child has resided outside this Commonwealth;

(3) the distance between the court in this Commonwealth and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

23 Pa.C.S.A. § 5427. Wisconsin has adopted the identical provision of the UCCJEA at Wisc.Stat.Sec. 822.27 with the exception of the insertion of the word "state" in place of the word "Commonwealth."

The record indicates that both courts agreed that the relevant issue was whether the parties, by stipulation, could confer exclusive jurisdiction

for future custody disputes on Wisconsin to the exclusion of any other jurisdiction where the parties and the Children were located. The only factor above that favors Wisconsin is factor number 5. An analysis of the other factors follows.

The first factor concerns domestic violence and which state could best protect the parties and Children. We are not aware that domestic violence was an issue in this matter. As both parties and Children now reside in Pennsylvania, it would appear the courts of Pennsylvania would be called upon to protect against domestic violence. Factor two concerns the length of time the Children have resided outside this Commonwealth. Father and Children have been living in Pennsylvania since July 2013. They previously resided in Ohio and before that in Wisconsin. Factor three concerns the distance between courts. That factor favors Pennsylvania, as the distance between Wisconsin and the eastern part of Pennsylvania is substantial. Factor four concerns the financial circumstances of the parties. The only evidence in the record relating to factor four is Mother pays Father $1,000 per month for child support. (Findings of fact, etc. at 7; RR(a) at 29.) Regarding factor six, the nature and location of evidence required to resolve pending litigation, including the testimony of the Children, favor Pennsylvania. The seventh factor favors Pennsylvania because all parties reside in the Commonwealth, and Pennsylvania courts will possess the ability to decide any issues expeditiously. Factor eight concerns the familiarity of

the court of each state with the facts and issues in the pending litigation. While Wisconsin initially dealt with this matter, the fact that all parties currently reside in Pennsylvania favors Pennsylvania.

Based on the above, we believe the parties' forum selection clause is outweighed by the other forum factors that favor Pennsylvania. *See A.D. v. M.A.B.,* 989 A.2d 32, 37-38 (Pa.Super. 2010) (the parties' forum selection clause choosing Pennsylvania was outweighed by an evaluation of each Section 5427 factor which favored the State of Michigan). Recently, in *S.K.C. v. J.L.C.*, 94 A.3d 402, 409-410 (Pa.Super. 2014), this court discussed forum selection clauses and Section 5427:

> Although in adopting section 5427 the General Assembly has declared that a forum selection clause is one of eight factors to be considered when determining if a forum is inconvenient, we discern no basis within the legislative scheme of the UCCJEA upon which we could conclude that a forum selection clause may be regarded as dispositive in establishing jurisdiction under section 5422. Our conclusion is also consistent with the law of this Commonwealth that an "agreement of the parties will [not] confer jurisdiction where it otherwise would not exist." *In re Estate of Cantor*, 424 Pa.Super. 24, 621 A.2d 1021, 1022 (1993) (citation omitted); *Transp. Servs., Inc. v. Underground Storage Tank Indemnification Bd.*, 67 A.3d 142, 152 n. 15 (Pa.Cmwlth.2013) (citation omitted).
>
> Allowing parents to confer subject matter jurisdiction on the courts of this Commonwealth in child custody disputes via a forum selection clause would be antithetical to the purposes of the UCCJEA. The UCCJEA has been adopted by every state in this country, other than Massachusetts, in order to permit the best situated court to exercise jurisdiction

> in child custody matters. Under the trial court's view, the child and one parent could be residing in Alaska while the other parent could be residing in Florida and only Pennsylvania courts would have exclusive, continuing jurisdiction if they had entered into a forum selection clause which so stipulated.

Our review of the UCCJEA's eight forum factors convinces us that Wisconsin is an inconvenient forum, and the factors favor Pennsylvania as the convenient forum. The trial court's reliance on the Wisconsin two-year cooling off period was in error.

Accordingly, we reverse the order of the trial court and reinstate Mother's complaint in custody. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/2015

- 10 -