J-A13007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: POWER OF ATTORNEY OF CAROLE LEE CAPLES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: CAROLE LEE CAPLES, THE PRINCIPAL ABOVE NAMED, BY AND THROUGH HER AGENTS, CHRISTINE J. CULLEN AND KIMBERLY D'ALESSANDRO | : : : : : | |
| | : | No. 1802 EDA 2020 |

Appeal from the Order Entered August 20, 2020
In the Court of Common Pleas of Lehigh County Orphans' Court at No(s):
No. 2019-0897

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED AUGUST 16, 2021**

Appellant, Carole Lee Caples ("Ms. Caples"), by and through her agents, Christine J. Cullen ("Ms. Cullen") and Kimberly D'Alessandro ("Ms. D'Alessandro"), appeals from the orphans' court's August 20, 2020 order granting a petition filed by Appellee, Katherine M. Purcell ("Ms. Purcell"), to dismiss Ms. Caples' "Objections to Respondent Katherine M. Purcell's Accounting dated August 30, 2019" ("Objections to Accounting"), and Ms. Caples' "Petition for Respondent Katherine M. Purcell's Breach of Fiduciary Duties as Agent for Carole Lee Caples filed June 25, 2020 by Katherine M. Purcell" ("Petition for Breach").  The court's order dismissed Ms. Caples' Objections to Accounting and her Petition for Breach, without prejudice to her right to pursue the claims raised in her Petition for Breach in a civil action.

_____

[*] Former Justice specially assigned to the Superior Court.

After careful review, we affirm the order in part, vacate in part, and remand with instructions.

The undisputed facts are as follows. Ms. Caples has three daughters, Ms. Purcell, Ms. Cullen, and Ms. D'Alessandro. On May 21, 2018, Ms. Caples signed a general Power of Attorney ("POA") naming Ms. Purcell as her agent, and Ms. Purcell signed an agent acknowledgement. On October 11, 2018, a second POA was prepared and executed by Ms. Caples, again naming Ms. Purcell as her agent. Ms. Purcell signed another agent acknowledgement. Ms. Purcell then served as Ms. Caples' POA until February 21, 2019, when Ms. Caples terminated the POA naming Ms. Purcell as her agent, and executed a new POA naming Ms. Cullen and Ms. D'Alessandro as her agents.

On May 14, 2019, Ms. Cullen and Ms. D'Alessandro filed a "Petition to Compel Respondent Katherine M. Purcell to File an Accounting Pursuant to 20 Pa.C.S. § 5610." Ms. Purcell filed an "Answer and New Matter" on June 24, 2019. On September 18, 2019, Ms. Caples filed the Objections to Accounting, as well as the Petition for Breach. Ms. Purcell thereafter filed a response to both.

On June 25, 2020, Ms. Purcell filed a petition to dismiss Ms. Caples' Objections to Accounting and Petition for Breach, on the basis that the orphans' court lacked jurisdiction over the claims Ms. Caples asserted therein. Ms. Caples filed an answer on July 8, 2020. On August 20, 2020, the court issued an order granting Ms. Purcell's petition for dismissal, and dismissing the Objections to Accounting and Petition for Breach, without prejudice to Ms.

Caples' right to file a civil action, or raise a counterclaim in any civil action, as to the same subject matter. Ms. Caples filed a motion for reconsideration of the court's order, which the court denied.

Ms. Caples then filed a timely notice of appeal. It does not appear that the court ordered her to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but it issued a Rule 1925(a) opinion on October 20, 2020. Herein, Ms. Caples raises the following four issues for our review:

A. Whether the [o]rphans' [c]ourt has mandatory jurisdiction under 20 Pa.C.S.[] § 711(22) to hear [Ms.] Caples' claims against [Ms.] Purcell, who was acting as Ms. Caples' agent under [a POA]?

B. Whether the [o]rphans' [c]ourt should have exercised nonmandatory jurisdiction under 20 Pa.C.S.[] § 712 to hear related claims against [Ms.] Purcell?

C. Whether the [o]rphans' [c]ourt was required to have a hearing prior to dismissing [Ms.] Caples' Petition for Breach … filed against her former agent, [Ms.] Purcell, for lack of jurisdiction when Ms. Caples raised numerous allegations of self-dealing, lack of good faith, commingling of funds, and conflicts of interest with respect to her interests and Ms. Purcell's interests in two limited liability corporations, real estate owned by both parties, and distribution of the proceeds of sale, and a certain Note executed by Ms. Caples in favor of Ms. Purcell, all of which occurred while Ms. Caples suffered from diminished capacity[?]

D. Whether, when the [o]rphans' [c]ourt found that it did not have jurisdiction, but that the Civil Division had jurisdiction over Ms. Caples' claims, the [o]rphans' [c]ourt was required to transfer the case to the Civil Division pursuant to 42 Pa.C.S.[] § 5103(c) and established Pennsylvania case law?

Ms. Caples' Brief at 4-5.

In Ms. Caples' first two issues, which we address together, she contends that the orphans' court erred by concluding that it did not have mandatory

jurisdiction over her Objections to Accounting or her Petition for Breach. Ms. Caples also argues that, alternatively, the court erred by failing to exercise non-mandatory jurisdiction over the claims raised in those filings.

Mandatory and non-mandatory jurisdiction of the orphans' court is established in 20 Pa.C.S. §§ 711 and 712. Those provisions state, in pertinent part:

> **§ 711. Mandatory exercise of jurisdiction through orphans' court division in general**
>
> Except as provided in section 712 (relating to nonmandatory exercise of jurisdiction through the orphans' court division) and section 713 (relating to special provisions for Philadelphia County), the jurisdiction of the court of common pleas over the following shall be exercised through its orphans' court division:
>
> ***
>
> **(22) Agents.--**All matters pertaining to the exercise of powers by agents acting under powers of attorney as provided in Subchapter C of Chapter 54 (relating to health care agents and representatives) or in Chapter 56 (relating to powers of attorney).

20 Pa.C.S. § 711(22).

> **§ 712. Nonmandatory exercise of jurisdiction through orphans' court division**
>
> The jurisdiction of the court of common pleas over the following may be exercised through either its orphans' court division or other appropriate division:
>
> ***
>
> (3) Other matters.--The disposition of any case where there are substantial questions concerning matters enumerated in section 711 and also matters not enumerated in that section.

20 Pa.C.S. § 712(3).

Because the jurisdiction of the orphans' court is governed by statute, Ms. Caples' arguments involve a matter of statutory interpretation. Therefore, we apply *de novo* review, and our scope of review is plenary. ***See Mercury Trucking, Inc. v. Pennsylvania Pub. Util. Comm'n***, 55 A.3d 1056, 1067 (Pa. 2012).

Preliminarily, we note that the orphans' court stated that it dismissed Ms. Caples' Objections to Accounting "***not*** for lack of [o]rphans' [c]ourt jurisdiction, but because [Ms. Caples] did not establish that any of the allegedly improper transactions were accomplished by [Ms.] Purcell's exercise of [POA] … and, thus, should have been included in her POA account." Orphans' Court Opinion ("OCO"), 10/20/20, at 2 (emphasis added). Ms. Caples does not acknowledge this statement by the court, let alone offer any developed challenge to the court's rationale for dismissing her Objections to Accounting on non-jurisdictional grounds. Consequently, she has waived any such claim for our review. ***See Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) ("[A]rguments which are not appropriately developed are waived."). Therefore, we affirm the court's order to the extent it dismissed the Objections to Accounting.

In regard to Ms. Caples' Petition for Breach, the orphans' court concluded that it lacked mandatory jurisdiction over these claims because Ms. Caples did not allege that Ms. Purcell engaged in improper or unfair transactions while ***acting*** as Ms. Caples' POA. ***See*** OCO at 2. After review of the Petition for Breach, we agree.

- 5 -

In that document, Ms. Caples first averred that Ms. Purcell "breached her fiduciary duty and exerted undue influence over [Ms. Caples] by convincing [Ms. Caples] to borrow money from her." Petition for Breach, 9/18/19, at 4 ¶ 22. Ms. Caples attached to the petition a loan document showing that Ms. Purcell loaned Ms. Caples just under $200,000. *See id.* at "Exhibit E." Notably, the loan document is dated July 2, 2018, three months before Ms. Purcell became Ms. Caples' POA, and it is signed by both Ms. Caples and Ms. Purcell in their individual capacities. *Id.*

Second, Ms. Caples claimed in the Petition for Breach that Ms. Purcell had breached her duties as POA "by not giving [Ms. Caples] all of the proceeds from the sale of [Ms. Caples'] home." *Id.* at 5 ¶ 27. Ms. Caples made no allegation that Ms. Purcell was involved in the sale of the home as Ms. Caples' POA, or that she withheld funds from the sale in her capacity as Ms. Caples' agent.

Third, Ms. Caples averred that Ms. Purcell "unduly influenced [Ms. Caples] to sell her [2%] ownership interest in KP Investments, L.L.C." to Ms. Purcell's son. *Id.* at 5 ¶ 22. Ms. Caples attached a copy of the transfer of her ownership interest, which was signed by Ms. Caples in her individual capacity. *See id.* at "Exhibit F." At no point did Ms. Caples allege that Ms. Purcell was involved in the transaction as POA.

Fourth, Ms. Caples alleged that Ms. Purcell is "retaining money that is rightfully [Ms. Caples,]" and refusing "to provide [Ms. Caples] with detailed information on the location of all of [Ms. Caples'] money." *Id.* at 6 ¶ 34. Fifth,

Ms. Caples asserted that Ms. Purcell breached her duties as Ms. Caples' agent by making Ms. Caples "write [Ms. Purcell] two separate checks on November 24, 2018, one for $100,000, and one for $30,850." *Id.* at 6 ¶ 35. Again, Ms. Caples made no allegation that Ms. Purcell was exercising her powers under the POA when she allegedly obtained Ms. Caples' money, or ostensibly forced Ms. Caples to write checks to Ms. Purcell.

The orphans' court concluded that the claims presented in Ms. Caples' Petition for Breach alleged "that [Ms.] Purcell, **in her individual capacity**, engaged in transactions with [Ms.] Caples that were unfair or otherwise improper during the period when [Ms.] Purcell was agent under [the] POA...." OCO at 2-3 (emphasis added). Therefore, the court found that it did not possess mandatory jurisdiction of Ms. Caples' Petition for Breach under section 711(22), because the claims raised therein "did not concern the **exercise** of [Ms.] Caples' POA by [Ms.] Purcell acting as agent." *Id.* at 2 (emphasis in original). Additionally, the court declined to exercise non-mandatory jurisdiction over Ms. Caples' claims under section 712(3) because she has raised similar claims in three pending civil cases initiated by Ms. Purcell. *Id.* at 3. Accordingly, the court determined that exercising non-mandatory jurisdiction over the same claims in this case was "both unnecessary and duplicative...." *Id.* at 4.

We discern no error or abuse of discretion in the court's decision. Initially, we agree with the court that, under the plain language of section 711(22), it has mandatory jurisdiction only over matters involving "the

**exercise of powers** by agents **acting** under powers of attorney….” 20 Pa.C.S. § 711(22) (emphasis added). We reject Ms. Caples' insistence that the statute applies to **any** claim arising between a principal and an individual named as their POA, even if the claim involves conduct or actions by the parties in their individual capacities. In support of this position, Ms. Caples insists that when Ms. Purcell accepted her appointment as POA, she became subject to the duties outlined in 20 Pa.C.S. § 5601.3 and, “[t]hus, any actions Ms. Purcell took in violation of those duties must be deemed as an ‘exercise’ of an agent's power set forth in 20 Pa.C.S.[] § 711(22).” Ms. Caples' Brief at 34.

We are unconvinced. First, as Ms. Purcell notes in her brief, Ms. Caples cites no case law interpreting section 5601.3 so broadly. Second, we agree with Ms. Purcell that doing so “would have unprecedented ramifications for every person named as an agent in [a POA].” Ms. Purcell's Brief at 11-12. Ms. Purcell convincingly explains:

> As one example, the rule proposed by Ms. Caples would require every agent under a [POA] to file an Account listing not only transactions undertaken as agent, but also every other transaction or matter to which the agent and principal may have independently been parties.
>
> As another example, Ms. Caples theory would convert every agent under a POA into a general fiduciary for the principal, for which he or she could potentially be held accountable for every event or transaction involving the agent and the principal, even if there was never an exercise by the agent of any of the powers granted under [the POA].
>
> So[,] if a 50-year-old parent designates a son or daughter as an agent under a [POA], and then later[,] the parent decides to sell

his or her car to that child for $10,000.00, the mere fact that the POA existed would impose a fiduciary duty on the son or daughter to comply with the requirements of [s]ection 5601.3, including acting in accordance with the principal's reasonable expectations, acting in good faith and acting loyally for the principal's benefit. It is respectfully submitted this is not and should not be the applicable standard governing [a POA].

Frankly, it is not inconceivable that if such a rule was adopted, there would be justifiable hesitancy on the part of individuals asked to serve as agents, because they could later be blamed for having innocently entered into transactions with a principal acting on his/her own behalf, which did not involve exercise of any powers under the [POA], and which were merely transactions between, say for example, [a] parent and child.

Given the clear language of [s]ection 711(22), the absence of any transactions alleged[] in which Ms. Purcell acted as Ms. Caples' agent, and the lack of any statutory or case law to the contrary, the [o]rphans' [c]ourt's jurisdiction, as it relates to [a POA], applies only to transactions in which there has been an exercise of the power by the agent on behalf of the principal. And given the absence of any such transactions undertaken here, the [o]rphans' [c]ourt lacked jurisdiction over Ms. Caples' filing[], and [it was] properly dismissed.

Ms. Purcell's Brief at 12-13 (footnote omitted).

We conclude that Ms. Purcell's and the orphans' court's interpretation of section 711(22) is correct. That provision triggers mandatory orphans' court jurisdiction only over claims involving an agent's exercising his or her powers under a POA. Here, Ms. Caples only challenged actions taken by Ms. Purcell ***in her individual capacity*** while serving as Ms. Caples' POA. She did not allege any matters involving Ms. Purcell's acting as an agent under the POA. Accordingly, we agree with the orphans' court that it did not have mandatory jurisdiction under section 711(22) over Ms. Caples' Petition for Breach.

We also discern no abuse of discretion in the orphans' court's decision to not exercise non-mandatory jurisdiction under section 712(3). Ms. Caples contends that, "[b]ecause the [o]rphans' [c]ourt had mandatory jurisdiction under [s]ection 711(22), [it] could also exercise its non[-]mandatory jurisdiction pursuant to [section] 712(3) to hear all claims of undue influence outside of the time that Ms. Purcell was serving as Ms. Caples' agent under the [POA]." Ms. Caples' Brief at 38. For the reasons set forth *supra*, the court did not have mandatory jurisdiction under section 711(22) and, thus, Ms. Caples' argument fails. Moreover, we agree with the orphans' court that its exercising non-mandatory jurisdiction over this case would be unnecessary and duplicative, given the three pending civil cases involving the same parties and issues.

In Ms. Caples' third claim on appeal, she insists the court erred by not holding a hearing to assess whether Ms. Purcell was exercising her powers as an agent under the POA when engaging in the allegedly improper conduct cited by Ms. Caples in her Petition for Breach. In response, Ms. Purcell argues that the Petition for Breach failed to set forth any allegations that would vest the court with jurisdiction. **See** Ms. Purcell's Brief at 15. Consequently, Ms. Purcell concludes that it was "legally as well as factually incorrect for Ms. Caples to suggest there was somehow and somewhere evidence, beyond the framework of her pleadings and the arguments she was given free rein to present, which could have been offered at a hearing … [and] changed the outcome below." **Id.** at 15-16.

We agree with Ms. Purcell.  We also observe that Ms. Caples does not explain in her brief to this Court what evidence she would have offered at a hearing to demonstrate the court's jurisdiction under section 711(22).  Thus, no relief is due.

Finally, Ms. Caples maintains that the court erred by not transferring this case to the Civil Division when it determined that it lacked mandatory jurisdiction and declined to exercise non-mandatory jurisdiction.  ***See*** Ms. Caples' Brief at 42-43 (citing, *inter alia*, 42 Pa.C.S. § 5103(c) ("If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allocated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court, where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district.")).  Ms. Caples requested, in her motion for reconsideration of the court's order dismissing the case, that the orphans' court transfer the case to the Civil Division of the Court of Common Pleas of Lehigh County.  In its order denying the motion for reconsideration, the court explained that Ms. Caples had previously opposed transferring the case and had argued that a transfer was inappropriate under Pennsylvania law.  ***See*** Order, 9/15/20, at 1 n.1 (citation omitted).  The court also noted that its order dismissing this case "does not preclude [Ms.] Caples from continuing to advance the same alleged breaches of fiduciary duty in the three cases in the

Civil Division … regarding transactions that occurred during [Ms.] Purcell's tenure as agent for [Ms.] Caples." ***Id.***

Ms. Caples now contends that the court misconstrued her earlier opposition to transferring the case, and that she never objected to the court's transferring it under section 5103(c) if the court determined that it lacked jurisdiction. She stresses that "the Lehigh County Court of Common Pleas clearly has jurisdiction over the Petitions filed by Ms. Caples." Ms. Caples' Brief at 43. Because the orphans' court concluded that it lacked jurisdiction, Ms. Caples insists that, pursuant to section 5103(c), the court was **obligated** to transfer her Objections to Accounting and Petition for Breach to the Civil Division, rather than dismiss them. ***Id.*** (citing ***In re Estate of Ciuccarelli***, 81 A.3d 953, 961 (Pa. Super. 2013) (holding that "the Trial Division was obligated to transfer the case to the proper forum," which was the orphans' court)).

Initially, as Ms. Purcell notes, Ms. Caples again fails to acknowledge that the orphans' court did not dismiss the Objections to Accounting on the grounds that it lacked jurisdiction but, instead, because the merits of that pleading did not warrant relief. Thus, the court properly dismissed the Objections to Accounting without transferring.

Regarding the Petition for Breach, Ms. Purcell contends that the court properly dismissed that matter, rather than transferring it, because the issues raised in that petition are already pending in three separate cases in the Civil Division. Accordingly, Ms. Purcell insists that the court's decision not to

- 12 -

transfer the Petition for Breach serves "judicial economy at no harm to [Ms. Caples] or anyone else."  Ms. Purcell's Brief at 19.

Ms. Purcell's argument is unconvincing.  This Court has declared:

"A case may not be dismissed because [it was] brought in the wrong [division; instead] ... the remedy for bringing the case in the wrong division is not a dismissal, but a transfer of the matter to the correct division."  ***Commonwealth v. Wadzinski***, 401 A.2d 1129, 1132 ([Pa.] 1978); ***see also In re Estate of Cantor***, … 621 A.2d 1021, 1023 ([Pa. Super.] 1993).  This precept applies equally to dismissals entered with and without prejudice.  ***See Cantor***, 621 A.2d at 1023 (finding that the trial court erred in dismissing [the] appellant's claims without prejudice instead of transferring the matter to the civil division); ***cf. Lucidore v. Novak***, … 570 A.2d 93, 95 ([Pa. Super.] 1990) (finding that the trial court erred in dismissing [the] appellant's claims with prejudice instead of transferring the matter to the orphans' court).

***In re Estate of Ciuccarelli***, 81 A.3d at 959-60.  Ms. Purcell cites no case law to support her position that we must consider judicial economy and prejudice suffered by the party seeking transfer before concluding the court erred in dismissing the case.  Instead, the rule to transfer a case filed in an incorrect division of our court system is a mandate that the court must apply uniformly, not a remedy a party must prove is warranted.

Accordingly, we vacate the portion of the orphans' court's August 20, 2020 order that dismissed Ms. Caples' Petition for Breach.  We remand for the court to transfer the Petition for Breach to the Civil Division of the Court of Common Pleas of Lehigh County.  We affirm the order in all other respects.

Order vacated in part, affirmed in part.  Case remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/2021